In re Freelin Alva CONN, Debtor.

Marc P. GERTZ, Trustee in Bankruptcy, Plaintiff,

v.

BANCOHIO NATIONAL BANK, Defendant.

Bankruptcy No. 580–1487.
Adv. No. 580–0487.

United States Bankruptcy Court, N. D. Ohio.

March 9, 1981.

Frederick Corns, Akron, Ohio, for defendant.

Marc P. Gertz, Akron, Ohio, Trustee.

Robert H. Johnstone, Akron, Ohio, for debtor.

## FINDING AS TO COMPLAINT TO RECOVER PROPERTY AS PREFERENCE

H. F. WHITE, Bankruptcy Judge.

A complaint to recover property transferred pursuant to an avoided preference was filed by Marc P. Gertz, trustee of the estate of Freelin Alva Conn, debtor herein, against BancOhio National Bank, hereinafter referred to as creditor, on December 9, 1980.

An answer admitting that the disputed transfers of property of the debtor to the creditor amounting to $439.17 were made within 90 days preceding the filing of debtor's petition, on account of an antecedent debt, while the debtor was insolvent and denying the remaining allegations of the complaint was filed by creditor on January 12, 1981.

A trial on said complaint was held on February 19, 1981. From the testimony of the debtor and the exhibits admitted into evidence, the court makes the following finding of fact and law.

## FINDING OF FACT

1. A voluntary petition under chapter 7 of the Bankruptcy Code was filed by Freelin Alva Conn on September 30, 1980.

2. Marc P. Gertz was appointed interim trustee of debtor's estate on September 30, 1980 and became trustee, pursuant to 11

U.S.C. § 702(d), subsequent to the meeting of creditors on November 4, 1980.

3. BancOhio National Bank was listed by debtor on his Schedule A-2 as having a claim incurred in October of 1979, in the amount of $4,000.00 secured by a 1978 Oldsmobile Omega having a market value of $3,500.00.

4. During the period from June 30, 1980 to September 30, 1980 the following payments were made by debtor to creditor:

| August 9, 1980 | – $148.39 |
| August 22, 1980 | – $145.39 |
| September 10, 1980 | – $145.39 |

Trustee's Exhibit B consists of the three cancelled checks evidencing the above-listed payments.

5. The net payoff balance on creditor's installment loan to debtor was $4,015.91 at the time debtor's bankruptcy petition was filed on September 30, 1980. —Trustee's Exhibit C.

6. The debtor was insolvent with liabilities of $19,775.00 and assets of $6,010.00 for the entire period in question.

7. The debtor was granted a discharge on January 20, 1981.

## ISSUE

Do the transfers of property of the Debtor to the creditor constitute voidable preferences under 11 U.S.C. § 547(b)?

## DISCUSSION OF LAW

A trustee may avoid a transfer of property of the debtor to a creditor as a preference if the trustee proves that the five elements of a preference under 11 U.S.C. § 547(b) are met. 11 U.S.C. § 547(b) provides that:

Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—

(i) was an insider; and

(ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) The transfer had not been made; and

(C) such creditor received payment of of such debt to the extent provided by the provisions of this title.

In the instant case, debtor, during the period from June 30, 1980 to September 30, 1980, made three transfers of property to creditor. Creditor admits that said transfers meet the first four elements of a preference under § 547(b).

The existence of the fifth and final element of a preferential transfer is denied by creditor. 11 U.S.C. § 547(b)(5) provides that the trustee may avoid any transfer of property of the debtor—

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) The transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

In order to determine whether a transfer allows a creditor to receive a greater percentage of his claim than otherwise receivable under the distributive provisions of the Code, the court must determine the status of the creditor's claim; i. e., whether the creditor's claim is a secured claim or an undersecured claim. The Court must also consider the classes of creditors as

provided for under Sections 507 and 506. The provision of the Bankruptcy Code that governs the determination of secured status is 11 U.S.C. § 506(a). Under § 506(a), a creditor's claim is secured to the extent of the value of his collateral. If the amount of a creditor's claim is greater than the value of his collateral, the creditor is undersecured and his claim is broken down into two parts: he has a secured claim to the extent of the value of his collateral; and he has an unsecured claim for the balance of his claim. S.Rep.No. 989, 95th Cong., 2d Sess. 68 (1978); H.R.Rep.No. 595, 95th Cong., 1st Sess. 356 (1977), U.S. Code Cong. & Admin. News 1978, p. 5787.

The claim of the creditor herein was secured by a 1978 Oldsmobile Omega automobile. The amount of creditor's claim on the date of the filing of debtor's petition was $4,015.91. The market value of creditor's collateral was listed by debtor on his Schedule A-2 at $3,500.00. At the trial upon the instant matter, debtor testified that he did not believe that $3,500.00 was a fair value of what the car was worth at the time he filed bankruptcy.

Debtor testified that the car was in excellent condition, except for a few stone marks around the rear wheel wells, at the time he filed his petition in bankruptcy. Debtor had purchased the car in October of 1979 for $4,250.00.

■ Trustee failed to carry his burden of establishing what the value of the collateral car was on the date of the filing of debtor's petition. There was no evidence presented by the trustee to prove that the amount of creditor's claim was greater than the value of creditor's collateral. Therefore, the court finds that the amount of creditor's claim was equivalent to the value of the collateral car and thus, creditor had a fully secured claim.

■ A trustee may only avoid as a preference a pre-bankruptcy transfer which enables one creditor to recover more on his claim than other creditors of the same class. The greater percentage test under § 547(b)(5) serves the prime bankruptcy pol-

icy of equality of distribution among creditors of the debtor. The legislative history describes the purpose of the preference section as follows:

The purpose of the preference section is two-fold. First, by permitting the trustee to avoid prebankruptcy transfers that occur within a short period before bankruptcy, creditors are discouraged from racing to the courthouse to dismember the debtor during his slide into bankruptcy . . . Second, and more important, the preference provisions facilitate the prime bankruptcy policy of equality of distribution among creditors of the debtor. Any creditor that received a greater payment than others of his class is required to disgorge so that all may share equally . . . H.R.Rep.No. 595, 95th Cong., 1st Sess., 177–78 (1977), U.S. Code Cong. & Admin. News 1978, p. 6138.

■ Trustee, herein, has failed to carry his burden of proving that the effect of the payments was to enable creditor to obtain a greater percentage of its debt than it would receive under the distributive provisions of the Code. If any one of the elements of a preference under § 547(b), is wanting, a preference has not been established. 4 Collier on Bankruptcy 15th ed. § 547.44 at 547–160.

Therefore, it is the conclusion of this Court that the transfers of property of the debtor to the creditor do not constitute voidable preferences under 11 U.S.C. § 547(b) as the trustee failed to prove that the effect of the transfers was to enable the creditor to obtain a greater percentage of its debt than it would receive under the distributive provisions of the Code. Trustee's complaint to recover the amount of the August 9, 1980, August 22, 1980, and September 10, 1980 payments in the total sum of $439.17 should be denied as said payments do not meet all five elements necessary for a preference under 11 U.S.C. § 547(b).