In re Raymond HEAD and Linda E. Head, Debtors.

Charles W. GRANT, as Trustee of the Estates of Raymond Head and Linda E. Head, Debtors, Plaintiff,

v.

BLAZER FINANCIAL SERVICES, INC., Defendant.

Bankruptcy No. 82–440–BK–J–GP. Adv. No. 82–449.

United States Bankruptcy Court, M.D. Florida.

Jan. 24, 1983.

Charles W. Grant, Jacksonville, Fla., for plaintiff.

Sidney E. Lewis, Jacksonville, Fla., for defendant.

GEORGE L. PROCTOR, Bankruptcy Judge.

## FINDINGS OF FACT

The above Debtors filed their bankruptcy case on June 17, 1982. Relief was ordered under Chapter 7 of Title 11 of the United States Code. This adversary proceeding was commenced by the Trustee to recover from the Defendant, BLAZER FINANCIAL SERVICES, INC., voidable preferential transfers pursuant to his rights under § 547 of the Code.

Trial was had on January 12, 1983. Based upon the evidence presented at the trial the Court makes the following findings of fact. On the date of the filing of the petition there existed two loans from the Defendant to the Debtors. One loan had an approximate balance owing of $2,300.00 and was secured by a lien on the household goods and furniture and furnishings of the Debtors. The other loan had an approximate balance owing of $900.00 and was secured by a lien on an organ owned by the Debtors. The Debtor, LINDA E. HEAD, testified and the Court finds that the household goods had a value of $500.00 to $600.00 on the date of the Order For Relief and the organ had a value of $400.00 to $500.00 on the date of the Order For Relief. The Defendant was undersecured on both loans and under § 506 of the Code would be entitled to a secured claim to the extent of the value of his collateral; as to the balance of its debts in each instance Blazer Financial Services, Inc. is unsecured.

Within the 90 day period prior to June 17, 1982, the Defendant was paid $194.18 on the furniture loan and $43.00 on the organ loan for a total of $237.18. The Trustee seeks recovery of that amount. These amounts reduced the unsecured portion of Blazer's debts. Since this is a no asset case at present, the payment allowed Blazer to receive more than it would receive if the

transfer had not been made and Blazer received payment of its debts to the extent provided by the Code.

## CONCLUSIONS OF LAW

The Court concludes that the Defendant, BLAZER FINANCIAL SERVICES, INC., has received a voidable preferential transfer within the meaning of § 547(b) of the Bankruptcy Code and that the Plaintiff, TRUSTEE, is entitled to recover from the Defendant the sum of $237.18.

In so ruling the Court chooses to follow the holding in *Barash v. Farmers & Mechanics Bank,* 7th Circuit Court of Appeals 1981, 658 F.2d 504, 7 B.C.D. 1439. There the Court of Appeals held that "regular installment payments on consumer debts, made within 90 days preceding the filing of a bankruptcy petition, may be avoided as preferential transfers to the extent the payments are credited to unsecured claims". The Court further said:

"The bankruptcy court must determine the value of collateral on a case-by-case basis to ascertain the extent of the preferences, in keeping with the bifurcation of debts into secured and unsecured claims under 11 U.S.C. § 506(a). The exception for normal transaction in 11 U.S.C. § 547(c)(2) extends only to situations where payment is made within 45 days after the debtor first becomes legally bound to pay."

This Court here notes that an installment loan first becomes due on the date the debtor signs the note and that there is not a new debt which arises at the time each installment is payable under the note so as to trigger the operation of § 547(c)(2)(B) of the Code.

See also the cases of *In Re McCormick,* 5 B.R. 726 (Bkrtcy.N.D.Ohio, 1980) and *In Re Conn,* 9 B.R. 431 (Bkrtcy.N.D.Ohio, 1981) for similar approaches to the problems faced by an undersecured creditor receiving regular installment payments in the 90 day period before a filing.

The Court will, simultaneously with the entry of these Findings and Conclusions, enter judgment accordingly.