In re Clarence and Yvonne
BENNETT, Debtors.

Bankruptcy No. 83 B 09859.

United States Bankruptcy Court,
N.D. Illinois, E.D.

Jan. 4, 1984.

Robert Hughes, Chicago, Ill., for GMAC.

Clarence King, Chicago, Ill., for debtors.

## MEMORANDUM OPINION AND ORDER

FREDERICK J. HERTZ, Bankruptcy Judge.

### I

This proceeding was commenced by the debtors to recover garnished bank account funds from a creditor. The issue which must be determined by this Court is whether the transfer of funds to the creditor constitutes a voidable preference under 11 U.S.C. § 547(b) (Supp. V 1981) of the Bankruptcy Code.

### II

The creditor, General Motor Acceptance Corporation (GMAC), caused a non-wage garnishment summons to be issued and served upon Heritage Standard Bank. The summons, which was served on July 15, 1983, had a return date of August 4, 1983. On August 4, 1983, a judgment in the amount of $3,121.84 was entered against Heritage Standard Bank. Subsequently, on August 10, 1983, Heritage delivered a check for the above stated amount to the attorneys for GMAC. This amount was in full satisfaction of the debt owed GMAC by the debtors. On August 11, 1983 the debtors, Clarence Bennett and Yvonne Bennett ("debtors") filed a joint petition in bankruptcy under Chapter 13.

Thereafter, the debtors filed a petition for Turnover Order of these garnished funds. On October 7, 1983, this Court granted the debtors' petition and entered a Turnover Order relative to these funds. The matter is presently before the Court on GMAC's Motion to Vacate the Turnover Order.

The debtors contend that the property transferred to GMAC is exempt under Section 522(b) [1] of the Bankruptcy Code and that the transfer is a preference. GMAC argues that due to the garnishment the debtors had lost all interest in the property prior to filing their Chapter 13 petition. Consequently, it is argued that the debtors could not claim the property as exempt thereby precluding the application of Section 547(b). Alternatively, GMAC asserts that even if Section 547(b) is applicable, since the debtors' plan proposes payments of 100% to all creditors, GMAC has received no more than it would have received if the transfer had not been made.

### III

With the adoption of Sections 522(g) and (h) of the Bankruptcy Code, Congress expanded the scope of the preferential transfer provisions to include preferential transfers which encumber a debtor's exempt assets. *In re Cox,* 10 B.R. 268 (Bkrtcy.Md.1981).

Sections 522(g) and (h) provide as follows:

(g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under sec-

---

1. Illinois has elected to opt out from the federal exemption provisions of Section 522(b). Accordingly, the debtors claim the proceeds as exempt pursuant to Ill.Rev.Stat. Ch. *110* § 12–1001 *et seq.* (1982).

tion 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—

(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and

(B) the debtor did not conceal such property; or

(2) the debtor could have avoided such transfer under subsection (f)(2) of this section.

(h) The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—

(1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and

(2) the trustee does not attempt to avoid such transfer.

11 U.S.C. § 522(g), (h) (Supp. V 1981). ▇▇ These sections of the Code allow the debtor to avoid a Section 547 preferential transfer if the Trustee does not choose to act and if: (1) The debtor's transfer of the property in question was not voluntary, (2) The debtor did not conceal such property, and (3) The debtor could have exempted such property but for the transfer. *In re Saberman*, 3 B.R. 316, 320 (Bkrtcy.N.D.Ill. 1980). The debtors in this case clearly meet these requirements. The garnishment proceedings resulted in an involuntary transfer of the debtors' property, the debtors did not in any way attempt to conceal this property, and the property would certainly be exempt but for the transfer.

Section 547(b) defines a preferential transfer as a transfer of the debtor's property which was:

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—

(i) was an insider; and

(ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547 (Supp. V 1981). A debtor may avoid a disposition of his property if the transfer meets the five requirements set out in the statute.

▇▇ In the instant case there is essentially no dispute regarding elements 1 through 4. The transfer was to the creditor, GMAC, on account of a debt which arose by virtue of an unsatisfied antecedent judgment. Further, there is a presumption of insolvency under § 547(f) whereby "the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date.... of the petition." This presumption may be rebutted if the creditor shows that the debtor's assets were greater than its liabilities. 4 *Collier on Bankruptcy* ¶ 547–26, at 547–100 (15th ed. 1983). GMAC, the creditor in this case, however, did not attempt to rebut the presumption. With reference to the time limits required by the fourth element, both the service of the garnishment summons and the transfer of the funds occurred within less than 90 days preceding the filing of the debtors' petition in bankruptcy.

Therefore, the only issue remaining which this court must determine is whether the requirements of the fifth element have been met in this case. Under § 547(b)(5), a pre-bankruptcy transfer may be avoided as a preference if the transfer enables one creditor to recover more on his claim than other creditors of the same class. The primary purpose of the preference prohibition is to discourage action by either the debtor or creditors as the debtor approaches bankruptcy and to provide equality of distribution among the creditors. *In re Conn,* 9 B.R. 431 (Bkrtcy.N.D. Ohio, 1981). The intent of Section 547(b)(5) is to avoid transfers of property "which enable creditors to receive more than they would have received had the estate been liquidated and the disputed transfer not made." *Barash v. Public Finance Corp.,* 658 F.2d 504, 509 (7th Cir. 1981).

Clearly, GMAC has recovered more on its claim than any other creditor. Although the debtors propose to pay 100 per cent of creditors' claims under their plan, GMAC has already received payment in full, rather than receiving its pro rata share of the debtors' monthly payments over the life of the plan. Additionally, there is absolutely no guarantee that the plan will be fully consummated. The absence of any guarantee means that in the event the plan is not completed, GMAC will have received more than its share of any dividend paid under the plan. Furthermore, since the debtors have listed the garnished funds as exempt property, the payment most certainly enabled GMAC to obtain more than it would have received in a chapter 7 liquidation proceeding.

Therefore, it is the conclusion of this court, based on the foregoing, that the transfer of property of the debtors, Clarence Bennett and Yvonne Bennett, in the amount of $3,121.84, to the creditor, General Motors Acceptance Corporation, constitutes a voidable preference under Section 547(b) of the Bankruptcy Code and the creditor's motion to vacate the turnover order entered by this court on October 7, 1983, is denied.