**In the Matter of Guillermo J. HOYOS PRECSAS and Lucia Aliff, Debtor.**

**Guillermo J. HOYOS PRECSAS and Lucia Aliff, Plaintiff/Movant,**

v.

**BANCO de PONCE, Defendant/Respondent.**

**Bankruptcy No. B–85–01232(ESL).**
**Adv. No. 86–0028.**

United States Bankruptcy Court,
D. Puerto Rico.

April 6, 1987.

John M. Garcia, Hato Rey, P.R., for debtor/plaintiff/movant.

José D. Camacho Negrón, Santurce, P.R., for defendant/respondent.

## OPINION AND ORDER

ENRIQUE S. LAMOUTTE, Chief Judge.

This proceeding is before the court on the motion by Banco de Ponce, the defendant in this adversary proceeding and movant in Index C (both matters were consolidated by order entered on May 7, 1986), to dismiss debtors' complaint to recover a preference on the grounds that debtors have no standing to prosecute such an action.

Debtors base their preference action on the allegation that the security agreement which Banco de Ponce claims is a pledge without a date certain and, thus, ineffective against third parties under 31 L.P.R.A. § 5023 and the doctrine set forth in *In the matter of Supermercados San Juan, Inc.,* 575 F.2d 8 (1st Cir.1978). See also *In re Santos & Nieves, Inc.,* 814 F.2d 57 (1st Cir.1987). On the other hand Banco de Ponce is claiming adequate protection for its security under 11 U.S.C. § 362.

The standing to bring an action pursuant to 11 U.S.C. § 547(a) is vested on the trustee, the debtor in possession, or any party authorized by the court such as a creditors' committee in a Chapter 11 case. 4 *Collier on Bankruptcy* (15th Ed.). ¶ 547.21 [3, 4], pages 547–82–84. The debtor in possession figure is more commonly referred to within the Chapter 11 context. 11 U.S.C. § 1101(1). The right to bring actions to recover preferences within a Chapter 11 is generally subject to the discretion of the debtor in possession. *In re Enserv. Co., Inc.,* 64 B.R. 519 (9th Cir. BAP 1986). See also *In re Toledo Equipment Co., Inc.,* 35 B.R. 315 (Bankr.N.D.Oh. 1983).

The Chapter 13 debtor is also a debtor in possession, 11 U.S.C. §§ 1303, 1304; with capacity to sue. As stated in the Historical and Revision Notes to § 1303:

"... certainly it is intended that the debtor has the power to sue and be sued." *Bankruptcy Code Rules and Forms,* 1987 Edition, West Publishing Co., page 386.

As a debtor in possession the Chapter 13 debtor may exercise the trustee's avoidance powers. *In re Chapman,* 51 B.R. 663 (Bankr.D.C.1985). See also *In the matter of Einoder,* 55 B.R. 319 (Bankr.N.D.Ill.1985); *In re Cowart,* 43 B.R. 110 (Bankr.M.D. Fla.1984); *In re Morton,* 43 B.R. 215 (Bankr. E.D.N.Y.1984). Therefore, the Chapter 13 debtors in this case have standing to bring a preference action under 11 U.S.C. § 547(a).

In view of the foregoing, the motion to dismiss filed by Banco de Ponce is hereby denied.

The Clerk shall schedule a hearing to determine whether Banco de Ponce has a

valid pledge, and if so, determine how it should be adequately protected; and also to hear evidence on the alleged preference.

The scheduling will be held in abeyance pending our ruling on the motion for reconsideration filed by debtor regarding the dismissal order entered on February 6, 1987.

SO ORDERED.