In re Michael D. FITAK fdba The Public Phone Store, Madge R. Fitak, Debtors.

Michael D. FITAK, Madge R. Fitak, Plaintiffs,

v.

CHEERS COMMUNICATIONS CORP., Defendant.

Bankruptcy No. 2–85–00376.

Adv. No. 2–86–0158.

United States Bankruptcy Court, S.D. Ohio, E.D.

July 9, 1987.

Robert H. Farber, Jr., Columbus, Ohio, for debtors/plaintiffs.

Stephen A. Santangelo, Columbus, Ohio, for defendant.

ORDER GRANTING PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS

R. GUY COLE, Jr., Bankruptcy Judge.

This matter is before the Court upon plaintiffs' Motion for Judgment on the Pleadings and the Memorandum Contra and Motion to Dismiss of defendant Cheers Communications Corp. ("Cheers"). The legal issue raised by the parties in this adversary proceeding—whether a Chapter 13 debtor has standing to avoid a preferential transfer—was previously addressed by this

Court in its ruling upon debtors' Motion for Lien Avoidance in the core case. Judge Pettigrew, in holding that a Chapter 13 debtor may exercise avoiding powers under 11 U.S.C. § 547, ruled that the debtors were required to commence an adversary proceeding pursuant to Bankruptcy Rules 7001, *et seq.*, in order to avoid the preference received by Cheers.

On the basis of Judge Pettigrew's ruling, the plaintiffs have commenced the instant adversary proceeding, seeking to avoid the judgment lien filed by Cheers nine (9) days prior to the plaintiffs' filing of their Chapter 13 petition. The Court has reviewed the authorities discussed in Judge Pettigrew's order in the core case and has also undertaken an independent analysis of the case law addressing the issue of a Chapter 13 debtor's avoiding powers. On the basis of its review of the pertinent decisional authorities, the Court concurs with the conclusion reached by Judge Pettigrew: a Chapter 13 debtor may properly exercise avoiding powers under 11 U.S.C. § 547. Although there is a split of authority regarding this issue, this Court's determination is in accordance with the more well-reasoned majority view which has been enunciated in the following decisions: *In re Hall*, 26 B.R. 10 (Bankr.M.D.Fla.1982); *Berry v. Pattison (In re Berry)*, 30 B.R. 36 (Bankr.E.D.Mich.S.D.1983); *In re Bennett*, 35 B.R. 357 (Bankr.N.D.Ill.1984); *In re Ciavarella*, 28 B.R. 823 (Bankr.S.D.N.Y. 1983); *In re Boyette*, 33 B.R. 10 (Bankr.N. D.Tex.1983). *Contra, In re Carter*, 2 B.R. 321 (Bankr.D.Colo.1980); *Walls v. Appalachian Tire Products (In re Walls)*, 17 B.R. 701 (Bankr.S.D.W.Va.1982.

Based upon the foregoing, the plaintiffs' Motion for Judgment on the Pleadings shall be, and hereby is, GRANTED.

IT IS SO ORDERED.