**In re Neil C. JARDINE and Doris L. Jardine aka Beauty Jardine, Debtors.**

**Neil C. JARDINE and Doris L. Jardine aka Beauty Jardine, Plaintiffs,**

v.

**BENNETT'S EASTSIDE PAINT AND GLASS, Defendant.**

**Bankruptcy No. 89–03727.**
**Adv. No. 90–6125.**

United States Bankruptcy Court,
D. Idaho.

Oct. 23, 1990.

Mark S. Knapp, Idaho Falls, Idaho, for debtors/plaintiffs.

Dean C. Brandstetter, Cox, Ohman & Brandstetter, Idaho Falls, Idaho, for defendant.

## MEMORANDUM OF DECISION

### JIM D. PAPPAS, Bankruptcy Judge.

In this action, Plaintiffs–Debtors seek to avoid as a preferential transfer a judgment lien recorded against their real property within 90 days of the filing of the bankruptcy petition. At the trial, the Defendant–Creditor moved to dismiss the action at the conclusion of Plaintiffs' evidence, B.R. 7041, and because of the legal issue presented, the Court took the motion under advisement. The motion raises essentially two issues. The first question concerns whether a Chapter 13 debtor has standing, pursuant to Bankruptcy Code Section 1303, to pursue this lien avoidance action under Section 547(b).[1] Secondly, Defendant argues that Plaintiffs were actually solvent at the time the judgment lien was recorded, and therefore an element of Plaintiffs' case is missing as a matter of law. 11 U.S.C. § 547(b)(3).

Defendant obtained a judgment lien against Debtors' real property when it recorded its judgment on the real property records on October 23, 1989. See Idaho Code § 10–1110. Plaintiffs filed their bankruptcy petition on December 18, 1989, and seek to avoid the judgment lien as against their residential real estate.

## DISCUSSION

### A. *Standing*

The Court is presented with an opportunity to examine a Chapter 13 debtor's standing to avoid a preference, an issue that has generated some debate in this district. The answer to the question remains uncertain in light of two quite recent decisions of the Court expressing divergent points of view—*In re Groanvelt*, 89 I.B.C.R. 237, and *In re McMann*, 89 I.B.C.R. 152.[2] As will be seen, this Court prefers the position adopted in *Groanvelt*.

In *Groanvelt*, Judge Hagan held that a Chapter 13 debtor may use the trustee's avoiding powers under Section 545(2),[3] but

---

1. § 547. Preferences.

   . . . .

   (b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

   (1) to or for the benefit of a creditor;

   (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

   (3) made while the debtor was insolvent;

   (4) made—

   (A) on or within 90 days before the date of the filing of the petition; or

   (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

   (5) that enable such creditor to receive more than such creditor would receive if—

   (A) the case were a case under chapter 7 of this title;

   (B) the transfer had not been made; and

   (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

2. This Court has previously commented upon the existence of the issue, but not in a setting requiring it to take a position on the question. *See In re Maidwell*, 90 I.B.C.R. 316, 318 n. 4 (Pappas, J.).

3. Section 545(2) provides:

   The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—

   . . . .

   (2) is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement of the case, whether or not such a purchaser exists.

only to a limited extent.[4] Relying upon the language of Section 522(h)[5], the debtor was held to have standing to avoid a lien under Section 545, "but only to the extent the debtor could exempt the property involved." 89 I.B.C.R. at 239.[6]

In the opinion of this Court, the statutory framework of the Code requires the limitation expressed in *Groanvelt*. *Groanvelt* does not explore this aspect of the issue in detail, however. For example, Section 1303 defines the powers that a debtor may exercise *exclusive* of the Chapter 13 trustee, and avoidance powers are not mentioned in the provision. The legislative history to Section 1303 instructs, though, that a Chapter 13 debtor holds other powers in addition to those enumerated in Section 1303 or in Section 363. But, those other powers are held *concurrently* with the trustee.[7]

There is no reference in either the Code or legislative history to other rights and powers that a Chapter 13 debtor may exercise without the cooperation of the trustee *except* in Section 522(f) and Section 522(h), both of which specifically deal with the debtor's power to avoid liens and transfers of exempt property. Section 522(f) gives the debtor the right to avoid certain kinds of liens on certain types of property, but only to the extent the lien impairs a potential exemption.[8] Likewise, Section 522(h) allows the debtor to utilize the trustee's traditional avoiding powers, but again only to the extent the property would be exempt, the trustee has not acted to avoid the transfer, and the transfer was involuntary.

The approach of the statutes is therefore intelligible. When Congress desired a debtor to have rights and powers independent of those of the Chapter 13 trustee, it expressly provided those rights and powers

---

**4.** This position finds support in cases from outside the district. See *In re Bruce*, 96 B.R. 717 (Bankr.W.D.Tex.1989); *Matter of Mast*, 79 B.R. 981 (Bankr.W.D.Mich.1987); and *Matter of Driscoll*, 57 B.R. 322 (Bankr.W.D.Wis.1986).

**5.** Section 522(h) states:
> (h) The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—
> (1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and
> (2) the trustee does not attempt to avoid such transfer.

**6.** This Court reads the reasoning of *Groanvelt* expansively to dictate a similar result were the debtor to attempt to avoid a transfer under other similar provisions of the Code, such as Sections 544, 547, and 548. This is also this Court's interpretation of the Congressional intent behind Section 522(h): "The debtor is given no greater rights under [Section 522(h)] than the trustee, and thus, the debtor's avoiding powers under proposed 11 U.S.C. 544, 545, 547, and 548, are subject to proposed 11 U.S.C. 546, as are the trustee's powers." H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 363 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 77 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5863, 6319.

**7.** "Section 1303 of the House amendment specifies the rights and powers that the debtor has exclusive of the trustee. The section does not

imply that the debtor does not also possess other powers concurrently with the trustee." 124 Cong.Rec. H11106 (daily ed. Sept. 28, 1978); S17423 (daily ed. Oct. 6, 1978); remarks of Rep. Edwards and Sen. DeConcini.

**8.** § 522. Exemptions.
> . . . .
> (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
> (1) a judicial lien; or
> (2) a nonpossessory, nonpurchase-money security interest in any—
> (A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;
> (B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or
> (C) professionally prescribed health aids for the debtor or a dependent of the debtor.

Note this provision not only limits avoidance to exempt property, but also limits the types of exempt property eligible for protection. For example, while most states exempt a debtor's motor vehicle, Section 522(f) cannot be used to avoid a lien on one, in spite of the exemption.

such as through Section 1303, Section 522(f), and Section 522(h). This is not to say that the debtor does not have other powers that are concurrent with the trustee. However, it strains interpretation of the Code to find that other implied exclusive debtor powers exist. If Congress intended the debtor to have unfettered avoidance powers, what was the need for the limitations contained in Section 522(f) or Section 522(h)? In Chapter 13, a debtor and trustee have clearly defined and distinct roles, as compared to Chapter 11 where there is normally no trustee, and the debtor is legislatively given a much broader responsibility on behalf of the estate and authorized to exercise many of the trustee's usual powers.[9]

Practicality dictates that the trustee control the right to assault transfers of property. The trustee's discretion stands as a buffer against any potential for abuse of the avoidance powers. That is, except where the property is exempt, the trustee's broader perspective as to the Chapter 13 estate will temper decisions to attack transfers of property where to do so would result in little good to the estate in general, as opposed to the debtor's personal or strategic motivations. Case law indicates that if a trustee refuses to act, the Court may authorize another interested party to pursue an action on behalf of the estate.[10] Where either the trustee agrees to cooperate in pursuing avoidance of an action, or where the Court directs that it be done at the trustee's refusal, there is high likelihood the action will be pursued in good faith, based upon proper motives.

The contrary holding in *McMann* is too generous to Chapter 13 debtors under the present law. Relying on nonspecific statements in the legislative history, *McMann* is willing to "imply" an avoidance power in favor of the Chapter 13 debtor. Although the holding in *McMann* is representative of a significant line of cases,[11] this Court feels that the decision interprets the legislative history too broadly and without reading it in conjunction with the express language of Section 1303 and Section 522(h). Arguments such as those enounced in *McMann* are, according to one Court, simply "well-meaning forays into judicial legislation." *In re Bruce*, 96 B.R. 717 (Bankr.W.D.Tex. 1989).

▆▆▆ In sum, this Court will not extend the Chapter 13 debtor's powers beyond those provided in Section 522(h). In other words, a Chapter 13 debtor does not have full unilateral avoidance powers except as to involuntary transfers of otherwise exempt property, and then only if the trustee has not acted. In all other cases, other than the limited circumstances described in Section 522(f), the avoidance powers must be exercised by the trustee. In a proper case, if a trustee improperly refuses to act, a debtor may seek an order of the Court, after notice and a hearing, allowing commencement of the avoidance action.

▆▆▆ As applied to the facts of this case, the above rule provides for mixed results. On the one hand, the property in question is the Plaintiffs' residence which has been claimed exempt. There is no evidence the trustee has attempted to avoid the Defendant's lien. Therefore, to the extent it attaches to Plaintiffs' exemptible interest in the house, Defendant's lien is subject to avoidance under Section 522(h), assuming that Plaintiffs can prove all the elements required by Section 547(b). To the extent of any equity over and above the home-

---

**9.** Section 1303 and its narrow limits on a debtor's powers should be contrasted with Section 1107(a) wherein the Chapter 11 debtor is given "all rights" of the trustee, with certain defined express exceptions. *See also In re Carter*, 2 B.R. 321 (Bankr.Colo.1980). The same comparison can be made with respect to Section 1203 which contains an "all rights … of a trustee" grant.

**10.** *See In re Smede*, 90 I.B.C.R. 237; *In re Skow*, 89 I.B.C.R. 111; *In re Curry & Sorensen, Inc.*, 57 B.R. 824 (9th Cir.B.A.P.1986).

**11.** *See, e.g., Matter of Ware*, 99 B.R. 103 (Bankr. M.D.Fla.1989); *In re Wimbish*, 95 B.R. 379 (Bankr.W.D.Pa.1989); *In re Fitak*, 93 B.R. 589 (Bankr.S.D.Ohio 1987); *Matter of Hoyos Precsas*, 73 B.R. 338 (Bankr.D.Puerto Rico 1987); and *Matter of Einoder*, 55 B.R. 319 (Bankr.N.D.Ill. 1985).

stead exemption and any prior liens, though, Plaintiffs may not unilaterally seek to avoid the lien as a preference. At this point, the evidence indicates the house is valued at somewhere between $49,000 and $55,000, and there was a mortgage of record to another creditor for about $4,000 when the judgment lien was recorded. Defendant's lien would therefore be potentially avoidable to the extent of Plaintiffs' homestead exemption, but not exceeding that amount.[12]

## B. *Solvency*

Defendant further argues that Plaintiffs were solvent at the time the judgment lien was recorded on October 23, 1989. It is true Plaintiffs have the burden of proving insolvency on that date as an element of the preference claim, 11 U.S.C. § 547(b)(3). Insolvency is defined in the Code as having debts in excess of the value of assets, exclusive of allowable exemptions. At this point, while the evidence suggests that much of the debt listed in Plaintiffs' schedules was incurred after the judgment lien was recorded, the Court is not convinced the evidence shows that Plaintiffs were solvent. And because Plaintiffs were arguably insolvent, the issue should not be resolved against them at this stage of the proceedings.

## CONCLUSION

Defendant's motion to dismiss will be denied by separate order and Plaintiffs will be allowed to proceed with their action, but only to the extent of Plaintiffs' homestead exemption in the subject property.

---

12. Assuming a $49,000 value, and a $4,000 existing mortgage, Defendant's lien could be avoided as to the Plaintiffs' $30,000 homestead, but could not be avoided as to any equity over and above that amount, which could total as much as $15,000. For purposes of treatment of Defendant's lien in a Chapter 13 plan, even if the lien is avoided as to the homestead, Defendant may still have a fully secured claim, 11 U.S.C. § 506(a), and be entitled to payment as such through any plan, 11 U.S.C. § 1325(a)(5). Plaintiffs may have therefore won the battle, but lost the proverbial war.