In re James Lee HILL, Debtor.

James Lee HILL, Plaintiff,

v.

FIDELITY FINANCIAL SERVICES,
George W. Ledford, Chapter 13
Trustee, Defendants.

Bankruptcy No. 3–92–03130.
Adv. No. 3–92–0322.

United States Bankruptcy Court,
S.D. Ohio, W.D.

March 15, 1993.

Beverly F. Schmaltz, Dayton, OH, for James Lee Hill.

Steven C. Katchman, Dayton, OH, for Fidelity Financial Services.

George W. Ledford, Englewood, OH, Chapter 13 Trustee.

## DECISION ON ORDER DENYING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THOMAS F. WALDRON, Bankruptcy Judge.

This proceeding, which arises under 28 U.S.C. § 1334(b) in a case referred to this court by the Standing Order of Reference entered in this district on July 30, 1984, is determined to be a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F)—proceedings to determine, recover, or avoid preferences.

Pending before the court are motions for summary judgment (Doc. 12–1, 16–1) filed by the plaintiff, the debtor, James Lee Hill (the "Debtor"),[1] and a motion for summary judgment (Doc. 9–1) filed by the defendant, Fidelity Financial Services ("Fidelity"). The Debtor asserts that he is entitled to summary judgment pursuant to 11 U.S.C. § 547. Fidelity asserts, however, that it is entitled to summary judgment because a

---

1. The Debtor filed two motions for summary judgment. These documents are identical.

debtor does not have standing to bring an action under § 547.

## FACTS

1. On or about June 9, 1992, the Debtor purchased and obtained a 1992 Buick Park Avenue Ultra automobile from Reichard Buick Inc. (Doc. 15–1, para. 1).

2. On June 10, 1992, the Debtor borrowed money, $9,278.09, from Fidelity to pay the balance due on the purchase of the automobile to Reichard Buick Inc. (Doc. 15–1, para. 2).

3. The Debtor granted Fidelity a security interest in the automobile as security for the June 10, 1992, loan. (Doc. 15–1, para. 3).

4. On June 17, 1992, a certificate of title was issued for the automobile. (Doc. 15–1, para. 4).

5. On June 30, 1992, Fidelity noted its lien upon the automobile's certificate of title. (Doc. 15–1, para. 5).

6. On July 7, 1992, Debtor filed for relief under chapter 13 of the Bankruptcy Code.

7. Debtor initiated this adversary proceeding under 11 U.S.C. § 547(b).

8. Fidelity filed a Motion For Summary Judgment (Doc. 9–1). The defendant, George W. Ledford, chapter 13 trustee, filed Trustee's Response To Motion For Summary Judgment (Doc. 10–1). The Debtor filed Plaintiff's Response To Motion For Summary Judgment (Doc. 11–1), Plaintiff's Motion For Summary Judgment (Doc. 12–1), and Affidavit Of James Lee Hill (Doc. 13–1).[2]

## DISCUSSION

The issue in this proceeding is whether a chapter 13 debtor has standing to avoid a preference under 11 U.S.C. § 547. If a chapter 13 debtor does possess standing, this court must determine whether the Debtor is entitled to summary judgment.

Summary judgment is governed by Federal Rule of Bankruptcy Procedure 7056 which incorporates Rule 56 of the Federal Rules of Civil Procedure. Rule 7056(c), in relevant part, provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

No genuine issues of material fact exist; therefore, this proceeding is appropriate for summary judgment.

In resolving this issue, the court commences with the methodology set forth by the Supreme Court for statutory interpretation. Although "canons of construction are no more than rules of thumb that help courts determine the meaning of legislation," *Connecticut Nat'l Bank v. Germain*, —— U.S. ——, ——, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992), the subject of an "appropriate analytical task" and an "agreed upon methodology" in statutory interpretation of the Bankruptcy Code has been continually emphasized in recent Supreme Court decisions. *Patterson v. Shumate*, —— U.S. ——, —— n. 4 and ——, 112 S.Ct. 2242, 2248 n. 4 and 2251, 119 L.Ed.2d 519 (1992).

Initially, examination commences with the language of the statute. *Pennsylvania Dept. of Public Welfare v. Davenport*, 495 U.S. 552, 557, 110 S.Ct. 2126, 2130, 109 L.Ed.2d 588 (1990) ("the fundamental canon [of] statutory interpretation begins with the language of the statute itself."). "[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Germain*, —— U.S. at ——, 112 S.Ct. at 1149. If the statutory language is ambiguous a court must resort to examination of legislative history. *See United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 240–41, 109 S.Ct. 1026, 1030, 103 L.Ed.2d

---

**2.** The Debtor filed duplicates of each of these documents including the Plaintiff's Response To Motion For Summary Judgment (Doc. 14–1), Affidavit of James Lee Hill (Doc. 15–1), and Plaintiff's Motion For Summary Judgment (Doc. 16–1).

290 (1989). As the Supreme Court stated in *Ron Pair,* "[t]he plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intention of its drafters.'" 489 U.S. at 242, 109 S.Ct. at 1031. "In such cases, the intention of the drafters, rather than the strict language, controls." *Id.*

 Section 547, in relevant part, provides:

> (b) Except as provided in subsection (c) of this section, the *trustee* may avoid any transfer of an interest of the debtor in property[.]

11 U.S.C. § 547 (emphasis added). The plain meaning of the language contained in § 547 provides that the trustee is the only party who has the authority to avoid a preference under § 547.

 The language contained in other provisions of the Code further indicates that Congress did not intend for debtors to have authority to avoid preferences under § 547. Section 1303 expressly grants powers to a chapter 13 debtor which would otherwise be reserved for the trustee. Section 1303 provides:

> Subject to any limitations on a trustee under this chapter, the debtor shall have, exclusive of the trustee, the rights and powers of a trustee under sections 363(b), 363(d), 363(e), 363(f), and 363(*l*), of this title.

The plain meaning of Section 1303 does not provide a chapter 13 debtor with any avoidance powers. *See e.g., In re Redditt,* 146 B.R. 693, 696 (Bankr.S.D.Miss.1992) (there is no specific statutory grant of power giving a chapter 13 debtor avoidance powers); *In re Tillery,* 124 B.R. 127, 128 (Bankr. M.D.Fla.1991) (§ 1303 does not include the power of avoidance granted by § 544). Although the legislative history provides that "[t]he section does not imply that the debtor does not also possess other powers concurrently with the trustee," [3] legislative history may not alter the statute's plain

meaning. *Bruce v. RepublicBank–South Austin (In re Bruce),* 96 B.R. 717, 721 (Bankr.W.D.Tex.1989).

A comparison with other Code provisions involving the exercise of avoidance powers by a debtor strengthens this conclusion. In contrast to § 1303, 11 U.S.C. § 1107 specifically gives chapter 11 debtors in possession the powers of a trustee, providing:

> (a) Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter.

"It is a fundamental rule of statutory construction that inclusion in one part of a congressional scheme of that which is excluded in another part reflects a congressional intent that the exclusion was not inadvertent." *Lynch v. Johns–Manville Sales Corp.,* 710 F.2d 1194, 1197 (6th Cir. 1983).

 A chapter 13 debtor, however, may avoid the transfer of property under § 522(h). *Jardine v. Bennett's Eastside Paint And Glass (In re Jardine),* 120 B.R. 559, 561 (Bankr.D.Idaho 1990); *see also In re Driver,* 133 B.R. 476, 477 (Bankr. S.D.Ind.1991). Under § 522(h):

> The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if
>
> (1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and

---

**3.** 124 Cong.Rec. H11106 (daily ed. Sept. 28, 1978); S17423 (daily ed. Oct. 6, 1978); remarks of Rep. Edwards and Sen. DeConcini.

(2) the trustee does not attempt to avoid such transfer.

Section 522(g)(1), to which § 522(h) refers, provides in relevant part:

[T]he debtor may exempt under subsection (b) of this section property that the trustee recovers under section ... 550 ... of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—

(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and

(B) the debtor did not conceal such property[.]

Thus, under § 522(g)(1) and § 522(h), a chapter 13 debtor "does not have full unilateral avoidance powers except as to involuntary transfers of otherwise exempt property, and then only if the trustee has not acted." *Jardine*, 120 B.R. at 562; *see also Driver*, 133 B.R. at 477; *In re Bruce*, 96 B.R. at 722.

■ Section 522(h) is not available to the Debtor in this proceeding because the granting of the lien to Fidelity was voluntary. Further, the Debtor did not demonstrate that the trustee did not attempt to avoid the transfer. In fact, the trustee stated that, if it is determined that the Debtor does not have standing, he would immediately bring a preference action against Fidelity. (Doc. 10–1). Therefore, the court concludes that the chapter 13 debtor in this proceeding does not have standing to avoid a preference under 11 U.S.C. § 547.

Accordingly, the motions for summary judgment (Docs. 12–1, 16–1) filed by the plaintiff, James Lee Hill, are **DENIED,** and the motion for summary judgment (Doc. 9–1) filed by the defendant, Fidelity Financial Services, is **GRANTED.**

An order in accordance with this decision is simultaneously entered.

**SO ORDERED.**