In re Joseph P. CALLANAN, Debtor.

Joseph P. CALLANAN, Plaintiff,

v.

INTERNATIONAL FIDELITY INSURANCE COMPANY, Defendant.

Bankruptcy No. 95–10648–WCH. Adv. No. 95–1379.

United States Bankruptcy Court, D. Massachusetts, Eastern Division.

Dec. 19, 1995.

Thomas H. Curran, Curran & Curran, Boston, MA, for Plaintiff.

Lawrence R. Katz, Gadsby & Hannah, Boston, MA, for Defendant.

### DECISION REGARDING MOTION TO DISMISS

WILLIAM C. HILLMAN, Bankruptcy Judge.

#### I. *Background*

Joseph P. Callanan, the debtor in this Chapter 13 case (the "Debtor"), filed this adversary proceeding against International Fidelity Insurance Company (the "Defendant"). His complaint is entitled Complaint to Avoid Lien as Preferential Transfers (the "Complaint"). The Defendant moved to dismiss arguing that the Debtor lacks standing to bring an avoidance action. After a hearing, I took the matter under advisement. I now deny the motion to dismiss.

In the Complaint, the Debtor alleges that the Defendant obtained an attachment on all of the Debtor's property located in Massachusetts on or within 90 days of the day on which the Debtor filed for relief under the Bankruptcy Code. He further alleges that the attachment constituted a preference under 11 U.S.C. § 547 and asks that I declare the attachment to be void.

#### II. *Arguments*

The Defendant argues that § 547 permits only a trustee or debtor in possession to bring such an action. In support of its contention, the Defendant relies on the quotation of a portion of a sentence from a treatise stating that a Chapter 13 debtor does not have avoidance powers. *Collier on Bankruptcy,* ¶ 1300.93 (L. King 15th ed. 1995). The Defendant fails to disclose that the sentence goes on to state that there is an exception to the rule is when an impaired exemption is involved.

The Debtor contends that he has standing because he can prove the five elements of a preference action. For support, he cites *In re Maylin,* 155 B.R. 605 (Bankr.D.Me.1993);

1. 11 U.S.C. § 103(a) provides:

*In re Bennett,* 35 B.R. 357 (Bankr.N.D.Ill. 1984); and *Russo v. Ciavarella (In re Ciavarella),* 28 B.R. 823 (Bankr.S.D.N.Y.1983).

#### III. *Discussion*

The issue before me is whether a Chapter 13 debtor has standing to bring an action pursuant to 11 U.S.C. § 547.

11 U.S.C. § 547(b) provides that "the trustee may avoid any transfer ..." Therefore, a Chapter 7, 11 or 13 trustee has standing to bring such a case.[1] Likewise, a Chapter 11 debtor in possession has standing to bring a suit under 11 U.S.C. § 547 because "a debtor in possession shall have all the rights ... and powers ... of a trustee serving in a case under this chapter." 11 U.S.C. § 1107(a). *WJM, Inc. v. Massachusetts Dept. of Public Welfare,* 840 F.2d 996, 1006 (1st Cir.1988)(trustee or debtor in possession may avoid transfer).

The only rights of a trustee which a Chapter 13 debtor possesses are set forth in 11 U.S.C. § 1303. That section provides that a Chapter 13 debtor "shall have, exclusive of the trustee, the rights and powers of a trustee under sections 363(b), 363(d), 363(f), and 363(*l* ), of this title." 11 U.S.C. § 1303.

Because of the limited power which 11 U.S.C. § 1303 provides to a Chapter 13 debtor, it would appear at a first reading that a debtor in Chapter 13 cannot avail him or herself of the provisions of 11 U.S.C. § 547. 11 U.S.C. § 522(h), however, provides as follows:

The debtor may avoid a transfer of property of the debtor or recover a set off to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—

(1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and

Except as provided in section 1161 of this title, chapters 1, 3, and 5 of this title apply in a case under chapter 7, 11, 12, or 13 of this title.

(2) the trustee does not attempt to avoid such transfer.

This subsection permits a Chapter 13 debtor to bring an avoidance action if (1) the trustee could have brought such an action; (2) the trustee did not bring the action; (3) the transfer was involuntary and the debtor did not conceal the property or the debtor could have avoided the transfer under § 522(f)(2); and (4) the debtor could have exempted such property had the trustee actually avoided the transfer. *See In re Maylin,* 155 B.R. 605 (Bankr.D.Me.1993)(lien avoidable by §§ 522(f) or 547(b) if debtor meets test of § 522(h)) *and In re Bennett,* 35 B.R. 357 (Bankr.N.D.Ill.1984)(debtor entitled to bring § 547 action if meets provisions of § 522(h)).

 In this case, the Chapter 13 trustee could have brought this action pursuant to the language of § 547. According to the docket, the trustee did not choose to bring the action. The Defendant obtained an interest in the Debtor's property through an attachment which was not voluntary. There is no indication that the Debtor concealed the property. The last question then is whether the Debtor could have exempted his property if the trustee had avoided the transfer.

The Debtor claimed an exemption of $15,000 in his property pursuant to 11 U.S.C. § 522(d)(1). No objections to the Debtors exemption were filed. If the trustee had avoided the transfer, the Debtor would have been entitled to his claimed exemption.

Having met the requirements of 11 U.S.C. § 522(h), the Debtor is entitled to bring this action. Accordingly, I will enter a separate order denying the motion to dismiss.[2]

---

2. I need not address in this decision whether a Chapter 13 debtor has standing to bring an avoidance action independent of § 522(h). *Compare Russo v. Ciavarella (In re Ciavarella),* 28 B.R. 823 (Bankr.S.D.N.Y.1983)(debtor can bring avoidance action without restriction) *with In re Redditt,* 146 B.R. 693 (Bankr.D.Miss.1992)(absent action involving § 522, Chapter 13 debtor lacks standing to bring avoidance action).