In re Russell J. MILLER and Maryann Miller, Debtors.

Russell J. Miller and Maryann Miller, Plaintiff,

v.

Brotherhood Credit Union, Defendant.

Bankruptcy No. 99–17483–WCH.

Adversary No. 00–1018.

United States Bankruptcy Court,
D. Massachusetts,
Eastern Division.

Aug. 15, 2000.

Alec G. Sohmer, Brockton, MA, for Brotherhood Credit Union.

Leonard Ullian, Braintree, MA, for debtor.

## DECISION REGARDING STANDING OF CHAPTER 13 DEBTOR TO BRING A PREFERENCE ACTION

WILLIAM C. HILLMAN, Chief Judge.

### I. Background

Russell and Maryann Miller (collectively, the "Debtors"), filed this adversary proceeding seeking to recover a pre-petition payment (the "Payment") that they made to Brotherhood Credit Union (the "Defendant") as a preference. On April 24, 2000, I held a pre-trial hearing at which I raised the issue of whether the Debtors have standing to bring an avoidance action pursuant to 11 U.S.C. § 547. I took the matter under advisement and received post hearing briefs from the parties.

### II. Positions of the Parties

The Debtors argue that 11 U.S.C. § 522(h) allows a Chapter 13 debtor to bring an avoidance action when a trustee

could have brought an avoidance action but chose not to do so. Because the Chapter 13 Trustee did not seek to avoid the alleged preference, the Debtors argue that they are the proper plaintiffs. The Defendant disagrees on the grounds that a literal reading of section 547(b) permits only a "trustee" to bring a avoidance action.

## III. Discussion

■ 11 U.S.C. § 547(b) provides that "the trustee may avoid any transfer of an interest of the debtor in property...." 11 U.S.C. § 547. Section 1303 grants the debtor, "exclusive of the trustee, the rights and powers of a trustee under sections 363(b), 363(d), 363(e), 363(f), and 363(*l*) of this title." 11 U.S.C. § 1303. In addition, however, section 522(h) states that:

> The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—
>
> (1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and
>
> (2) the trustee does not attempt to avoid such transfer.

11 U.S.C. § 522(h).

I addressed this issue in part in *Callanan v. International Fidelity Ins. Co. (In re Callanan)*, 190 B.R. 137 (Bankr.D.Mass. 1995). In that case the Chapter 13 debtor brought an adversary proceeding to avoid a pre-petition attachment under 11 U.S.C. § 547. The defendant brought a motion to dismiss on the grounds that the debtor was not a proper plaintiff. I stated that the "only rights of a trustee which a Chapter 13 debtor possesses are set forth in 11 U.S.C. § 1303." *Id.* at 138. I qualified that statement by recognizing that:

> This subsection permits a Chapter 13 debtor to bring an avoidance action if: (1) the trustee could have brought such

an action; (2) the trustee did not bring the action; (3) the transfer was involuntary and the debtor did not conceal the property or the debtor could have avoided the transfer under § 522(f)(2); and (4) the debtor could have exempted such property had the trustee actually avoided the transfer.

*Id.* at 139. Because the debtor in *Callanan* met the requirements I set forth, I denied the motion to dismiss and allowed the debtor to proceed. I specifically stated that I was not addressing the issue of whether, independent of § 522(h), a Chapter 13 debtor could be the proper plaintiff in an avoidance action. *Id.* at 139 n. 2.

The first issue before me in this case is whether the Debtors have met the *Callanan* test. The Chapter 13 trustee could have but did not bring an action to recover the alleged preferential transfer. The Payment, however, was not involuntary. The Debtors explain in their complaint that, within ninety days of filing their bankruptcy petition, they voluntarily paid the Defendant. *Complaint to Avoid and Recover Preferential and Fraudulent Transfers*, at ¶ 5. Additionally, the Debtors did not disclose the preference in their Statement of Financial Affairs. Furthermore, the Debtors did not claim an exemption in the Payment. Because the Debtors voluntarily made the Payment, failed to disclose it, and did not list it in Schedule C, they have not met their burden under the test set forth in *Callanan*.

■ The next issue becomes whether the Debtors are entitled to bring an avoidance action independent of 11 U.S.C. § 522(h), the issue I declined to address in *Callanan*. There is a split of authority on the issue.

As the bankruptcy court in *Cardillo v. Andover Bank (In re Cardillo)*, 169 B.R. 8 (Bankr.D.N.H.1994) observed, there is a "significant and growing number of courts that have held, except to enhance the debtor's exemptions under section 522, the chapter 5 avoiding powers of a trustee are not available to a chapter 13 debtor." *Id.*

772

at 11. In *Cardillo,* the bankruptcy court raised, *sua sponte,* the debtor's standing to avoid a preference. *Id.* The court noted that, except as provided in 11 U.S.C. § 1303 and unlike 11 U.S.C. § 1107,[1] "nowhere in chapter 13 is a debtor given the powers of a trustee." *Id.* Relying on the absence of express statutory authority, the court dismissed the debtor's avoidance action. *Id.*

The other courts that have held similarly have done so for the same reason. *See, e.g., Hill v. Fidelity Fin. Serv. (In re Hill),* 152 B.R. 204, 206 (Bankr.S.D.Ohio 1993) ("plain meaning of the language in § 547 provides that the trustee is the only party who has the authority to avoid a preference under § 547."); *Jardine v. Bennett's Eastside Paint & Glass (In re Jardine),* 120 B.R. 559 (Bankr.D.Idaho 1990) (declining to extend Chapter 13 debtor's avoidance powers beyond 522(h)); *Pilgreen v. Brown & Williamson Fed. Credit Union (In re Pilgreen),* 161 B.R. 552, 554 (Bankr. M.D.Ga.1989) (observing that the language of the Bankruptcy Code does not provide Chapter 13 debtors with avoidance powers of a trustee).

Several courts, however, have allowed Chapter 13 debtors to bring avoidance actions without meeting the requirements of 11 U.S.C. § 522(h). *Freeman v. Eli Lilly Federal Credit Union (In re Freeman),* 72 B.R. 850 (Bankr.E.D.Va.1987); *Ciavarella v. Russo (In re Ciavarella),* 28 B.R. 823 (Bankr.S.D.N.Y.1983). In *Ciavarella,* the bankruptcy court distinguished between the differing roles of the trustee in Chapters 7, 11 and 13. *Id.* at 825–26. Observing that the Chapter 13 trustee's role is primarily administrative, the court held that the Chapter 13 debtor could be a plaintiff because such a debtor is the most appropriate party to bring a preference action. *Id.* at 828.

In *Freeman,* the bankruptcy court relied on both the *Ciavarella* decision and the legislative history accompanying 11 U.S.C. § 1303 to support its conclusion that a Chapter 13 debtor could bring an avoidance action. *Freeman,* 72 B.R. at 854. The legislative history to section 1303 states that "[t]he section does not imply that the debtor does not also possess other powers concurrently with the trustee." *Id.* (quoting 124 Cong.Rec. H11, 106 (1978)); S17,423 (1979).

Another opinion, from this circuit, relies on an entirely different theory to allow a Chapter 13 debtor to bring an avoidance action. *Hoyos Precsas v. Banco de Ponce (In re Hoyos Precsas),* 73 B.R. 338 (Bankr. D.P.R.1987). In *Hoyos Precsas,* the defendant moved to have the Chapter 13 debtors' preference action dismissed for lack of standing. *Id.* at 339. The bankruptcy court correctly observed that a trustee or debtor in possession may bring a preference action under section 547(b). *Id.* Section 1304 defines a debtor engaged in business as "[a] debtor that is self-employed and incurs trade credit in the production of income from such employment...." 11 U.S.C. § 1304(a). The bankruptcy court equated a Chapter 13 debtor, who was operating a business under section 1304, with a debtor in possession. *Hoyos Precsas,* 73 B.R. at 339. The bankruptcy court concluded that the Chapter 13 debtor, as a debtor in possession, may utilize the trustee's avoidance powers. *Id.*

■ I find the *Ciavarella* court's rationale unpersuasive because it ignores the plain language of the statute. *See Hill,*

1. Unlike § 1303, 11 U.S.C. § 1107 specifically grants a Chapter 11 debtor the powers of a trustee. Section 1107 provides:
Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform the functions and duties, except the duties specified in section 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter.
11 U.S.C. § 1107(a).

152 B.R. at 206 (providing debtor's standing to avoid transfer of property dependant upon section 522(h)). "If Congress intended to grant avoidance powers to a Chapter 13 debtor, it could have explicitly done so." *Pilgreen*, 161 B.R. at 553 (*quoting Mast v. Borgess Med. Ctr. (In re Mast)*, 79 B.R. 981, 982 (Bankr.W.D.Mich. 1987)). Furthermore, the court's reliance in *Freeman* on legislative history is improper. As the bankruptcy court stated in *Hill*, "legislative history may not alter the statute's plain meaning." *Hill*, 152 B.R. at 206.

Likewise, the *Hoyos Precsas* holding ignores the fact that the term "debtor in possession" is a defined term for Chapter 11. 11 U.S.C. § 1101 (*"In this chapter* 'debtor in possession' means...."*) (emphasis added). Additionally, *Hoyos Precsas* is distinguishable from the facts in this case because the Debtors are not self-employed and not engaged in business. *See* 11 U.S.C. § 1304.

I find persuasive those cases which do not permit a Chapter 13 debtor to bring an independent avoidance action. I agree that, absent a specific grant of authority in the Bankruptcy Code, a Chapter 13 debtor cannot bring an avoidance action independent of section 522(h). *Perkins v. Gilbert (In re Perkins)*, 169 B.R. 455, 461 (Bankr. D.Ga.1994) (adhering to district precedent holding "[a] Chapter 13 debtor lacks standing to bring a preference action which arises only under section 547."); *Cardillo*, 169 B.R. at 11.

IV. Conclusion

In sum, the Debtors have not demonstrated that they possess the requisite standing to maintain an action pursuant to 11 U.S.C. § 547(b) and § 522(h). Furthermore, I conclude that the Debtors, as Chapter 13 debtors, may not maintain a preference action independently of the requirements of section 522(h). Accordingly,

I will enter a separate order dismissing this adversary proceeding.