In re Dorothy Dell HOLCOMBE, Debtor.

Dorothy Dell Holcombe, Plaintiff,

v.

Debis Financial Services, Inc., Defendant,

Dorothy Dell Holcombe, Plaintiff,

v.

AmSouth Bank, Defendant.

Bankruptcy No. 00–42435–JSS–13. Adversary Nos. 01–40009–JSS, 01–40010–JSS.

United States Bankruptcy Court, N.D. Alabama, Eastern Division.

March 27, 2001.

Earl P. Underwood, Jr., Rice, Adams, Underwood & Associates, Anniston, AL, for Plaintiff–Debtor.

William L. Phillips, Birmingham, AL, for Defendant AmSouth.

William C. Elliott, Montgomery, AL, for Defendant Debis.

Mavis Willingham, Anniston, AL, Chapter 13 Standing Trustee.

### MEMORANDUM OF DECISION

JAMES S. SLEDGE, Bankruptcy Judge.

These adversaries came before the Court on March 20, 2001 for trial. Also pending at that time was a motion to dismiss filed by Debis Financial Services ("Debis"). Although AmSouth has not filed a motion to dismiss, it did raise similar issues in its affirmative defenses. As these cases revolve around the same issue, the Court has determined to address the cases simultaneously. At the hearing on March 20th, the parties requested time to brief the issue presented. The Court allowed a briefing period and all the parties filed briefs within the time allowed. Upon consideration of the briefs, the applicable

law, and argument of counsel, the Court has determined to grant the motion to dismiss and dismiss the other adversary as well.

## FINDINGS OF FACT

Debtor/Plaintiff, Dorothy Holcombe, filed a voluntary petition under Chapter 13 on August 17, 2000. On January 13, 2001, the plaintiff initiated these two adversaries. In the adversaries, the plaintiff alleged the defendants had failed to properly perfect their security interests in two separate vehicles. Plaintiff alleged that due to the defective perfection, the security interests of the defendants were void by virtue of §§ 544 and 547 of the Bankruptcy Code. Plaintiff's second count in the complaints alleged that since there is no security interest in the vehicles, the defendants' claims should be declared as unsecured claims.

On January 29, 2001, Debis filed its Motion to Dismiss, Debis based its motion to dismiss on the premise that the Chapter 13 debtor lacked standing to set aside their security interest under §§ 544 and 547. Accompanying the Motion to Dismiss, Debis attached a Memorandum in Support of Motion to Dismiss setting forth its legal argument. On February 6, 2001, AmSouth filed its answer to the plaintiff's complaint. Included with the answer, AmSouth set forth several affirmative defenses. The first of these was an assertion that the debtor lacks standing to seek avoidance of their perfected security interest in the collateral.

## CONCLUSIONS OF LAW

The issue presented before the Court is whether a Chapter 13 debtor has standing to use the Chapter 5 avoidance powers, as set out in §§ 544 and 547. Section 544 allows the trustee to step into the shoes of a creditor or a bona fide purchaser in order to avoid certain transfers of property or obligations of the debtor. Section 547 allows the trustee the power to avoid certain preferential transfers made by the debtor while insolvent. Both statutes speak in terms of a trustee acting. The question thus becomes whether a party other than the trustee is empowered to invoke the provisions of §§ 544 and 547.

To answer this question, we turn first to the statute which sets out the powers of a debtor in Chapter 13. Section 1303 states that a "debtor shall have, exclusive of the trustee, the rights and powers of a trustee under sections 363(b), 363(d), 363(e), 363(f) and 363(l), of this title." 11 U.S.C. § 1303. Noticeably absent from this list of rights and powers are any mention of the avoidance powers set out in Chapter 5 of the Bankruptcy Code.

To put this in context, we turn to the statutes which empower debtors in the other chapters of the Code. Section 1107 provides "a debtor in possession shall have all the rights, ..., and powers, and shall perform all the functions and duties, ..., of a trustee serving in a case under this chapter." 11 U.S.C. § 1107. Section 1107 specifically grants the debtor-in-possession all the rights and powers of a trustee, with a few limited exceptions not present here. Thus, no one could reasonably question that a Chapter 11 debtor-in-possession can utilize the avoidance powers set forth in Chapter 5. One could argue that §§ 1303 and 1107 are not analogous in that in a Chapter 11 case there generally is no trustee and therefore, the debtor is the only party who can act as a trustee.

However, in Chapter 12, there is both a debtor and trustee, just as in Chapter 13. Chapter 12 also empowers its debtors to act. Section 1203 provides a debtor in possession "shall have all the rights, other than the right to compensation under section 330, and powers, and shall perform all

the functions and duties, except the duties specified in paragraphs (3) and (4) of section 1106(a), of a trustee serving in a case under chapter 11, including operating the debtor's farm." 11 U.S.C. § 1203. In Chapter 12, debtor-in-possessions clearly have the right and powers of a trustee, even though a trustee already is in place. These rights and powers include the right to utilize the avoidance powers under Chapter 5.

These two sections clearly indicate Congress was capable of bestowing a broad range of powers upon a debtor/ debtor-in-possession. The fact that Congress included broad powers for both Chapter 11 and Chapter 12 debtors and failed to include such language for Chapter 13 debtors cannot be overlooked. Clear Congressional intent can be determined from the use of and absence of specific language within these three statutes.

The Court also points out to a certain extent Congress did provide for Chapter 13 debtors a limited grant of authority to use the trustee's avoidance powers. Section 522(h) allows a *"debtor"* to avoid a transfers of property to the extent that the debtor could have exempted such property under subsection (g)(1) if the trustee had avoided such transfer, if—"(1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and (2) the trustee does not attempt to avoid such transfer." Although these conditions are not present in this case, Congress clearly afforded the debtors certain avoidance rights. If Chapter 13 debtors have *carte blanche* general avoidance powers under Chapter 5, the restrictions on these powers set out in § 522(h) become meaningless.

■ This Court concludes that from a strictly statutory standpoint, the debtor has no standing to pursue avoidance actions under §§ 544 and 547. Although the Court could stop here and rest upon a statutory construction analysis, the Court will go further to address some recent case law which is also instructive on this issue.

As the parties point out, these is a plethora of case law on this issue. To try and glean kernels of truth from the wide and varied opinions throughout the country would seem a futile gesture. Instead, the Court will go "straight to the top" to a relatively recent opinion from the Supreme Court which seems to answer the question presented here.

Although, *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.,* 530 U.S. 1, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000), concerned the application of § 506(c), its analysis is equally fitting to the question presented here. Section 506(c) provides as follows: "The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim." 11 U.S.C. § 506(c). A creditor had argued that even though the statute referred to a trustee, it did not necessarily exclude other parties from utilizing it.

■ The Supreme Court rejected this argument. Pointing out that Congress "says in a statute what it means and means in a statute what it says there," the Court gave great weight to the plain reading of the statute. *Id.* at 1947 (citations omitted). When "the statute's language is plain, 'the sole function of the courts' "—at least where the disposition required by the text is not absurd—" 'is to enforce it according to its terms.' " *Id.* citing *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (quoting *Caminetti v. United*

*States,* 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442 (1917)). Section 506(c) appeared quite plain in specifying who may use it—"[t]he trustee." As in the *Hartford* case, the statutes in question before this Court also seem quite plain in specifying who may use them—"[t]he trustee."

■ The Supreme Court also relied upon a leading statutory construction treatise in holding that the statute is limited by its terms. Citing Sutherland's Statutory Construction, the Court held a situation in which a statute authorizes specific action and designates a particular party empowered to take it is surely among the least appropriate in which to presume nonexclusivity. "Where a statute . . . names the parties granted [the] right to invoke its provisions, . . . such parties only may act." *Id.* citing 2A N. Singer, Sutherland on Statutory Construction § 47.23, p. 217 (5th ed.1992) (internal quotation marks omitted).

Finally, the Court addressed this general rule with respect to other bankruptcy statutes. The Court pointed out several instances where Congress intended for the provisions of statutes to be used broadly. For example, 502(a) provides for a "party in interest" to object. Section 503(b)(4) allows an "entity" to file a request. The broad phrasing of these section indicate Congress was certainly capable of expanding code provisions to other parties. Additionally, the Court cited a number of other Code provisions which "cannot sensibly be read to extend to all parties in interest." *Id.* at 1948. These statutes include: § 363(b)(1) (providing that "[t]he trustee" may use, sell, or lease); § 364(a) (providing that "the trustee" may incur debt); and § 554(a) (giving "the trustee" power to abandon property). *Id.* Although the Court did not include the statutes in question in this case in its list, the Court's analysis certainly applies to these statutes.

This Court will conclude its search into case law with a case from the Fifth Circuit which applied the analysis of *Hartford* to the very issue presented here—Chapter 13 debtor's standing to use Chapter 5 avoidance powers. In *In re Stangel,* 219 F.3d 498 (5th Cir.2000), the Circuit, relying on a previous holding and the holding from *Hartford,* held that Chapter 13 debtors lacked authority to use the strong-arm powers reserved for trustees. The Circuit acknowledged the earlier cases which seemed to go both ways, but pointed out the more recent cases addressing the issue have generally held Chapter 13 debtors lack standing to use the trustee powers. This Court, like the Fifth Circuit, is certainly aware of the numerous cases going each way on this issue. However, the holding in *Hartford,* a 2000 Supreme Court case, appears to dictate the result this Court must reach.

Finally, this Court will address the arguments raised by the debtor is her trial brief. The debtor essentially argues two points. First, that this action is property of the estate and that the debtor remains in possession of property of the estate in Chapter 13 pursuant to § 1306. Secondly, the debtor argues that if unable to avoid these security interests, the debtor will be unable to meet the "best interest" tests set out in § 1325(a)(4) for confirmation of her plan.

First with respect to the property of the estate argument, the Court is somewhat confused how this has any bearing upon the issue. Assuming for the sake of argument that these adversaries are property of the estate, that does not somehow grant the debtor authority to act on behalf of the trustee, especially considering the restrictive language used in the statutes. The ownership of these causes of action simply have no bearing on who may pursue them under the clear language of the statutes.

Turning to the § 1325(a)(4) argument, whether the debtor will ultimately be able confirm this case is not relevant to this issue. The confirmation mandates as set out in § 1325 cannot and does not somehow bestow upon the Chapter 13 debtor powers and rights not otherwise bestowed by Congress. Sections 544 and 547 clearly, plainly, and unequivocally set out who may use their provisions. The ability or inability of a debtor to meet a test set forth in another statute is not a backdoor around the restrictive language used in the statutes.

To conclude, the Court finds a Chapter 13 debtor lacks standing to assert the powers set forth in §§ 544 and 547. This conclusion is supported with both a statutory construction analysis and with a controlling case law analysis. A separate order will be entered granting Debis' Motion to Dismiss and dismissing the adversary with AmSouth.