**In re Ida MONTOYA, Debtor.**

**Ida Montoya, Plaintiff,**

**v.**

**J. Ronald Boyd, Defendant.**

**Bankruptcy No. 13–00–16267 MS.
Adversary No. 02–1005 M.**

United States Bankruptcy Court,
D. New Mexico.

Oct. 9, 2002.

Steve H. Mazer, Albuquerque, NM, for Debtor.

Ronald Boyd, Santa Fe, NM, pro se.

Kelley L. Skehen, Albuquerque, NM, trustee.

Robert H. Jacobvitz, Thomas D. Walker, Albuquerque, NM, Charles A. Purdy, Santa Fe, NM, for Loyola Fischer.

James Jurgens, Santa Fe, NM, for Valley National Bank.

## *MEMORANDUM*

MARK B. MCFEELEY, Chief Judge.

THIS MATTER came before the Court on the Motion for Partial Summary Judgment and Supporting Brief ("Motion") filed by Defendant Ronald Boyd. Plaintiff Ida Montoya, by and through her attorney of record, Steven H. Mazer, filed a Response to the Motion for Partial Summary Judgment and Supporting Brief filed June 19, 2002 ("Response"). The Court held a final hearing on the Motion on August 19, 2002 at which time the Court took the matter under advisement.

Plaintiff seeks to avoid a mortgage she granted to Defendant as security for payment of outstanding attorneys' fees incurred in connection with a state court proceeding. After reviewing the Motion and the Response, and being otherwise fully informed, the Court finds that, given the facts underlying this adversary proceeding, Plaintiff, as Chapter 13 Debtor, has no standing to pursue an action to avoid Defendant's mortgage under 11 U.S.C. § 548. This defect is jurisdictional; therefore summary judgment should be granted in favor of Defendant as a matter of law.

The following facts are not in dispute:

1. Defendant J. Ronald Boyd represented Plaintiff Ida Montoya in a state court lawsuit filed in the First Judicial District Court, Santa Fe County, State of New Mexico, entitled *Ida Montoya v. Loyola P. Fischer* ("Fischer Lawsuit").

2. Plaintiff was indebted to Defendant for legal fees incurred in connection with the Fischer Lawsuit.

3. On or about February 4, 2000, as security for the legal fees due Defendant, Plaintiff executed a mortgage in favor of Defendant on certain real property located in Rio Arriba County, New Mexico.

4. The mortgage was recorded on February 25, 2000 in Book 304, at pages 290–290, in the Rio Arriba County Clerk's Office.

5. A judgment was entered in the Fischer Lawsuit against Plaintiff and in favor of Loyola Fischer in the amount of $390,456.87 on April 10, 2000.

6. Plaintiff filed a voluntary petition for bankruptcy under Chapter 13 of the Bankruptcy Code on November 20, 2000.

7. The mortgage was granted and recorded within one year of the date of the petition.

8. The property upon which the mortgage was granted is not the Plaintiff's residence. *See* Plaintiff's Statements and Schedules filed in bankruptcy case No. 13–00–16267 MS.

### *Discussion*

■ Summary judgment can be granted only when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Rule 56(c), Fed.R.Civ.P. as incorporated into the Federal Rules of Bankruptcy Procedure by Rule 7056, Fed.R.Bankr.P. Plaintiff filed this adversary proceeding under 11 U.S.C. § 548, seeking to avoid the mortgage she granted to Defendant. The statute provides:

> The *trustee* may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily—
>
> > (A) made such transfer or incurred such obligation with actual intent to hinder, delay or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such

obligation was incurred, indebted; or

(B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation.

(II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or

(III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

11 U.S.C. § 548(a)(1)(A) and (B)(i) and (ii) (emphasis added).

■ The statute specifies that the trustee may avoid a fraudulent transfer under 11 U.S.C. § 548. Thus, under the plain language of the statute, the avoidance powers granted pursuant to 11 U.S.C. § 548 are restricted to trustees. *See Davis v. Victor Warren Properties, Inc. (In re Davis)*, 216 B.R. 898, 903 (Bankr. N.D.Ga.1997) (finding that the language of 11 U.S.C. § 548 is clear and concluding that a Chapter 13 debtor lacks standing to bring a suit under that section) (citation omitted). Unlike Chapter 11, wherein the Code specifically grants debtors-in-possession all the powers of the trustee pursuant to 11 U.S.C. § 1107, Chapter 13 contains no similar provision. Powers of the Chapter 13 Debtor are defined elsewhere in the Code. *See, e.g.*, 11 U.S.C. § 1303 (debtor has the rights and powers of a trustee under sections 363(b), 363(d), 363(e), 363(f), and 363(*l*)).

■ Despite the plain language of 11 U.S.C. § 548, courts disagree on the issue of whether a Chapter 13 debtor has standing to bring avoidance actions normally reserved for trustees.[1] This Court finds

---

1. Cases holding that Chapter 13 Debtor has standing to bring avoidance actions: *See, e.g., In re Fitzgerald*, 237 B.R. 252, 262 n. 14 (Bankr.D.Conn.1999) (citing several cases from that district which concluded that a chapter 13 debtor can use the trustee's avoidance powers); *Hernandez v. Cantu (In re Hernandez)*, 150 B.R. 29, 30 (Bankr.S.D.Tex. 1993) (finding that the Chapter 13 debtor has standing under § 548); *Robinson v. Taylor (In re Robinson)*, 80 B.R. 455, 457 (Bankr.N.D.Ill. 1987) ("The court agrees with those cases holding that Chapter 13 debtors have all the avoiding powers of a trustee." (debtor allowed to bring suit under 11 U.S.C. § 548, alleging lack of reasonably equivalent value)); *In re Einoder*, 55 B.R. 319, 322 (Bankr. N.D.Ill.1985) (holding that Chapter 13 debtors have standing to bring avoidance actions by reasoning that Chapter 13 trustee has standing, but little incentive to bring avoidance actions that will result in benefit to debtors of recovering exempt assets).
Cases holding that Chapter 13 Debtor lacks standing: *See, e.g., In re Stangel*, 219 F.3d 498, 501 (5th Cir.2000) (Chapter 13 debtor has no standing to bring avoidance action under 11 U.S.C. § 545); *LaBarge v. Benda (In re Merrifield)*, 214 B.R. 362, 365 (8th Cir. BAP 1997) (Section 548 confers avoidance powers exclusively on the trustee); *In re Miller*, 251 B.R. 770, 773 (Bankr.D.Mass.2000) (no standing under § 547); *In re Redditt*, 146 B.R. 693, 701 (Bankr.S.D.Miss.1992) (Chapter 13 debtor had no standing to bring avoidance action under 11 U.S.C. § 544 or § 545); *In re Driver*, 133 B.R. 476, 480 (Bankr. S.D.Ind.1991) (Chapter 13 debtor lacks standing to use trustee's avoidance powers, except to the extent debtor is attempting to avoid non-consensual liens or transfers involving exempt property pursuant to 11 U.S.C. § 522, and concluding that because a "Chapter 13 debtor lacks any obligation to maximize recovery for unsecured creditors, there is no basis for allowing the debtor to exercise a trustee's full avoidance powers."); *In re Tillery*, 124 B.R. 127, 129 (Bankr.M.D.Fla.1991) (concluding that there is no justification for a Chapter 13 debtor to have avoidance powers,

that the best approach is taken by courts who look elsewhere in the code to find a Chapter 13 Debtor's authority to avoid certain transfers. *See, e.g., LaBarge v. Benda (In re Merrifield),* 214 B.R. 362, 365 (8th Cir. BAP 1997) (Chapter 13 debtor's authority to bring avoidance action is found in 11 U.S.C. § 522; Chapter 13 debtor has no standing to bring an avoidance action under 11 U.S.C. § 548); *Davis v. Victor Warren Properties, Inc. (In re Davis),* 216 B.R. 898, 903 (Bankr.N.D.Ga. 1997) (holding that Chapter 13 debtor lacked standing under 11 U.S.C. § 548, but finding limited authority for the debtor to avoid a transfer under 11 U.S.C. § 522(h)). Section 522 which defines a debtor's exemptions, also empowers a debtor to avoid certain liens. *See* 11 U.S.C. § 522(f) and (h). Thus, the Code itself affords a Chapter 13 debtor limited powers to avoid certain transfers. *See Realty Portfolio, Inc. v. Hamilton (In re Hamilton),* 125 F.3d 292, 297 (5th Cir.1997) ("Congress has specifically authorized narrow exceptions to the general rule that Chapter 13 debtors lack standing to exercise the strong-arm powers of Chapter 13 trustees."). Taking this approach, a Chapter 13 debtor generally will not have standing to bring avoidance actions unless the debtor otherwise qualifies under 11 U.S.C. § 522(h), and the following circumstances are present: 1) the debtor's transfer of property was involuntary; 2) the trustee did not attempt to avoid the transfer; 3) the debtor did not conceal the property; 4) the debtor seeks to exercise an avoidance power set out in 11 U.S.C. § 522(h); and the transferred property could have been exempted if the trustee had avoided the transfer under 11

U.S.C. § 522(g). *See DeMarah v. United States (In re DeMarah),* 62 F.3d 1248, 1250 (9th Cir.1995) (establishing five-part test under 11 U.S.C. § 522(h) to determine whether debtor may bring an avoidance action).

Plaintiff's Complaint did not specify whether she intended to proceed under § 548(a)(1)(A) or (B), but contains the following core allegations: 1) that Defendant, as Plaintiff's attorney in the state court lawsuit is an "insider" within the meaning of the Bankruptcy Code; 2) that Plaintiff was insolvent on the date she granted the mortgage to Defendant as security for his outstanding legal fees, or, that she became insolvent as a result of the transfer; and 3) that the mortgage enabled Defendant to receive full security for payment of a debt that would not have been fully paid in a hypothetical Chapter 7 proceeding.[2] The Complaint contains no allegations of actual intent to defraud, hinder or delay creditors. However, at the final hearing on the Motion, Plaintiff argued that her Complaint was based on 11 U.S.C. § 548(a)(1)(A), and argued that Defendant presented her with no choice but to grant Defendant the mortgage as security for payment of outstanding attorneys' fees.

In considering these allegations in light of the special circumstances required for bringing this type of avoidance action, the Court finds that Plaintiff has no standing to pursue this adversary proceeding. There is no indication that the property at issue would otherwise be exempt. The real property is not the Plaintiff's residence and she has claimed no exemption in it in her statements or schedules. Nor has

reasoning that future income, not recovery of assets through avoidance actions, should serve to fund a Chapter 13 plan).

**2.** Plaintiff seems to be confusing concepts that relate to preferential transfers, governed by 11 U.S.C. § 547, with her cause of action,

brought pursuant to 11 U.S.C. § 548. Whether the transfer would enable Defendant to recover more than he would under a Chapter 7 proceeding is an element of a cause of action brought pursuant to 11 U.S.C. § 547.

the trustee sought to avoid the transfer. Finally, although Plaintiff alleges that Defendant coerced her into granting the mortgage, the general rule is that a mortgage is a voluntary transfer such that "a debtor who grants a mortgage on his or her property is not thereafter entitled to avoid that mortgage through the exercising of the trustee's avoiding powers under § 522." *In re Trentman,* 278 B.R. 133, 136 (Bankr.N.D.Ohio 2002) (citation omitted). Even if Plaintiff could prove that the granting of the mortgage was involuntary, she fails to meet two of the other four prongs of the test enunciated in *DeMarah* because the trustee has not sought to avoid the mortgage, and property at issue is not property she would otherwise be entitled to claim as exempt.

For the foregoing reasons, the Court concludes that Plaintiff has no standing to bring this cause of action. Summary judgment will, therefore, be granted to Defendant. An appropriate judgment will be entered.