In re Henry F. BINGHI, and
Toni Binghi, Debtors.

No. 03 B 22708(ASH).

United States Bankruptcy Court,
S.D. New York.

Sept. 18, 2003.

Reich, Reich & Reich, P.C., By Jeffrey A. Reich, Esq., White Plains, NY, for Debtors.

Durkin & Durkin, By Robert H. Germain, Esq., New York City, for Creditor, Wachovia Bank, N.A.

---

## DECISION ON AVOIDANCE BY A CHAPTER 13 DEBTOR OF A SECURED INTEREST UNDER 11 U.S.C. § 544(a)(3)

ADLAI S. HARDIN, JR., Bankruptcy Judge.

At issue here is whether a Chapter 13 debtor has standing to exercise the so-called "strong arm" power of avoidance under Section 544(a)(3) of the Bankruptcy Code (the "Code"). The powers contained in Section 544 are specifically granted to a trustee. Unlike Sections 1107 and 1203, applicable to Chapter 11 and 12 debtors in possession, Section 1303 of the Code, governing the rights and powers of a Chapter 13 debtor, does not include among the powers conferred a grant of authority to Chapter 13 debtors to exercise a trustee's Chapter 5 avoidance powers.

### Jurisdiction

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(a), 157(a) and the standing order of reference signed by Former Acting Chief Judge Robert J. Ward, dated July 10, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(K).

### Background

The Debtors Henry F. Binghi and Toni Binghi (the "Debtors") own a one-half interest in real property located at 89 Goldens Bridge Road, Katonah, New York 10536 ("Premises").[1] On August 21, 2000, the Debtors entered into a Credit Line Mortgage ("Mortgage") with Wachovia Bank, N.A. ("Wachovia") secured by the Premises for up to $200,000 in equity advances. The Mortgage was properly recorded in the Westchester County Clerk's

---

1. The owners of the other one-half interest in the premises are Vincenzo and Lucretia Gen-

tile.

Office ("Clerk's Office") on February 22, 2001.

On September 13, 2001, the Debtors executed a Modification Agreement of the Mortgage (the "Modification") with Wachovia, which increased the Debtors' credit limit from $200,000 to $332,000. Although Wachovia forwarded it to the Clerk's Office for recordation, the Clerk refused to record the Modification believing that certain signatures therein were copies. Subsequently, Wachovia recreated and forwarded the Modification to the Debtors for execution. However, the Debtors failed to execute the recreated Modification, which was never recorded with the Clerk's Office. All of the foregoing facts are undisputed.

On April 25, 2003, the Debtors filed for Chapter 13 bankruptcy relief in this Court. Wachovia timely filed a proof of claim for the amount of $331,639.98. The Debtors filed an objection to Wachovia's proof of claim, contending that Wachovia's claim should be bifurcated into a secured claim for $200,000 and an unsecured claim for $131,639.98 since the Modification was not recorded. At a hearing before this Court on July 22, 2003, the Debtors sought to avoid the unperfected portion of the Modification, arguing that the Chapter 13 Trustee (the "trustee") may do so as a hypothetical bona fide purchaser pursuant to Section 544(a)(3) of the Code. Wachovia responded that the trustee could not attain the status of a hypothetical bona fide purchaser here because it would have been put on notice of the unrecorded Modification absent the Debtors' misleading certification on "Schedule F" of their Chapter 13

petition that Wachovia's interest under the Modification was unsecured.

***Discussion***

The threshold issue governing the Debtors' objection is whether Chapter 13 debtors have standing to exercise the avoidance powers [2] set forth in Chapter 5 of the Code, specifically Section 544(a)(3). Section 544(a) provides in pertinent part:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

On its face, Section 544 refers explicitly to rights and powers that a trustee may have and does not mention nor contemplate the powers of a Chapter 13 debtor. Accordingly, the Debtors' standing, if any, must be found elsewhere in the Code to permit them to proceed.

Section 1303 of the Code, entitled "Rights and powers of debtor," provides:

Subject to any limitations on a trustee under this chapter, the debtor shall have, exclusive of the trustee, the rights and powers of a trustee under sections

---

**2.** Examples of the avoidance powers under the Code are: (1) 11 U.S.C. § 544, also known as "strong arm power"; (2) 11 U.S.C. § 545 statutory liens; (3) 11 U.S.C. § 547 voidable preferences; (4) 11 U.S.C. § 548 fraudulent conveyances; (5) 11 U.S.C. § 549 post-petition transfers; and (6) 11 U.S.C. § 724. *See* 11 U.S.C. §§ 522, 546; *see also* Rudman, Dianne K., *What Power Does and Should the Chapter 13 Debtor have to Avoid Liens and Transfers?*, 37 GONZ. L. REV. 513, 517 (2001).

363(b), 363(d), 363(e), 363(f), and 363(*l* ), of this title.

The plain language of Section 1303 is quite explicit and does not include the avoidance powers under Chapter 5 of the Code. Nevertheless, a floor comment in the legislative history of Section 1303 suggests that this section "does not imply that the debtor does not also possess other powers concurrently with the trustee." 124 Cong. Rec. H. 11106 (daily ed. Sept. 28, 1978) (remarks of Rep. Edwards); S17423 (daily ed. Oct 6, 1978) (remarks of Sen. DeConcini). Not surprisingly, courts are split on this issue.

The Second Circuit Court of Appeals has "deliberately express[ed] no opinion regarding, whether a Chapter 13 debtor would be able to invoke those [avoidance] powers in an action to augment the bankruptcy estate." *Olick v. Parker & Parsley Petroleum Co.,* 145 F.3d 513, 516 (2d Cir. 1998).

This Court faced a similar issue in *In re Higgins. Higgins v. Erickson (In re Higgins),* 270 B.R. 147 (Bankr.S.D.N.Y.2001). Although *In re Higgins* involved a Chapter 7 case, its statutory analysis and reasoning are applicable to this case. In *In re Higgins,* the Chapter 7 debtors sought to avoid liens recorded during the preference period. The Court held that the Chapter 7 debtors lacked standing to avoid preference claims for the following reasons: (1) Section 547(b) states explicitly that "the trustee may avoid any transfer ..." and "makes it the trustee's responsibility" to recover all preferential claims; (2) there is no provision applicable to Chapter 7 that is "analogous" to Section 1107 which grants a debtor-in-possession "all the rights ... and powers" of a Chapter 11 trustee; (3) the avoidance power pursuant to Section 547(b) is "designed not to benefit a debtor but to protect the rights of general unsecured creditors";

and (4) Section 547(b) grants the trustee the avoidance power "so that the avoidance of transfers benefits the estate, and ultimately the remaining creditors, to the end that all creditors may recover on an equal, pro rata basis." *Id.* at 153.

The Court recognized that there are limited exceptions to the trustee's exclusive avoidance powers under Section 522, which is intended to "give limited protection to a debtor's exemptions." *Id.* The Court examined specifically Section 522(h), which provides in pertinent part:

> The debtor may avoid a transfer of property of the debtor ... to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—
>
> (1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549 or 724(a) of this title ...; and
>
> (2) the trustee does not attempt to avoid such transfer.

It found Section 522 inapplicable since the transfers at issue were voluntary. *Id.*

A majority of courts (the "Majority") employs essentially the same statutory analysis as that of *In re Higgins* and holds that because of no explicit statutory authority, Chapter 13 debtors do not have standing to utilize a trustee's avoidance powers under Chapter 5. *See e.g., Stangel v. Powers (In re Stangel),* 219 F.3d 498, 501 (5th Cir.2000), *cert. denied, Stangel v. United States,* 532 U.S. 910, 121 S.Ct. 1240, 149 L.Ed.2d 147 (2001) (holding that Chapter 13 Debtors do not have standing to assert trustee's strong arm's power, relying on *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.,* 530 U.S. 1, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000) and *Realty Portfolio, Inc. v. Hamilton (In re Hamilton),* 125 F.3d 292, 296 (5th Cir. 1997)); *In re Hamilton,* 125 F.3d 292, 296

(stating that "no specific statutory provision" authorizes Chapter 13 debtors to "exercise trustees' avoidance powers"); *LaBarge v. Benda (In re Merrifield)*, 214 B.R. 362, 364 (8th Cir. BAP 1997) (noting lack of a comparable provision applicable Chapter 13 debtors as 11 U.S.C. §§ 1107(a), 1203); *Pruitt v. Gramatan Investors Corp. (In re Pruitt)*, 72 B.R. 436, 439 (Bankr.E.D.N.Y.1987) (holding that Section 1303 does not "authorize the [Chapter 13] debtor to exercise the avoiding powers of a trustee"); *Montoya v. Boyd (In re Montoya)*, 285 B.R. 490, 493 (Bankr.D.N.M.2002); *Holcombe v. Debis Fin. Servs. (In re Holcombe)*, 284 B.R. 141, 142–43 (Bankr.N.D.Ala.2001) (noting §§ 1107, 1203); *LR Partners, L.L.C. v. Steiner (In re Steiner)*, 251 B.R. 137, 140 (Bankr.D.Ariz.2000) (stating that "Congress did not elect to confer such extraordinary [avoidance] powers on chapter 13 debtors," emphasizing the "significant differences between § 1107 and § 1303."); *In re Henderson*, 133 B.R. 813, 817 (Bankr. W.D.Tex.1991) (stating that the Code "unambiguously gives avoidance powers to bankruptcy trustees and to chapter 11 and 12 debtors, but not to chapter 13 debtors"); *Perry v. United States (In re Perry)*, 90 B.R. 565, 567 (Bankr.S.D.Fla.1988) (same); *In re Carter*, 2 B.R. 321, 322 (Bankr.D.Colo.1980) (noting Section 1107(a)); *Bruce v. RepublicBank (In re Bruce)*, 96 B.R. 717, 720 (Bankr.W.D.Tex. 1989) (stating that Section 1303 does not "include the avoidance powers"); *Kildow v. EMC Mortgage Corp. (In re Kildow)*, 232 B.R. 686, 691 (Bankr.S.D.Ohio 1999) (same); *Hill v. Fidelity Fin. Servs. (In re Hill)*, 152 B.R. 204, 206 (Bankr.S.D.Ohio 1993) (same); *In re Reese*, 194 B.R. 782, 787 (Bankr.D.Md.1996) (same); *Barclays Am./Mortgage Corp. v. Wilkinson (In re Wilkinson)*, 186 B.R. 186, 191 (Bankr. D.Md.1995) (same); *In re Redditt*, 146 B.R. 693, 697 (Bankr.S.D.Miss.1992) (stating that "[b]y the statute's own terms, only the trustee has standing to exercise the strong-arm avoidance powers"); *Mast v. Borgess Medical Center (In re Mast)*, 79 B.R. 981, 982 (Bankr.W.D.Mich.1987) (same); *In re Driver*, 133 B.R. 476, 477 (Bankr.S.D.Ind.1991) (stating that "a Chapter 13 debtor is not explicitly bestowed with the trustee's strong arm transfer avoidance powers."); *Hollar v. United States (In re Hollar)*, 174 B.R. 198, 203 (M.D.N.C.1994) (holding that "there is no statutory authority in Chapter 13 which grants a Chapter 13 debtor independent standing to sue under the trustee's ... avoidance power").

As *In re Higgins*, most of the majority recognizes the Chapter 13 debtors' limited authority to assert trustee's avoidance powers under Section 522. *In re Stangel*, 219 F.3d 498; *In re Hamilton*, 125 F.3d 292; *In re Merrifield*, 214 B.R. 362; *In re Montoya*, 285 B.R. 490; *In re Holcombe*, 284 B.R. 141; *In re Henderson*, 133 B.R. 813; *In re Perry*, 90 B.R. 565; *In re Carter*, 2 B.R. 321; *In re Kildow* 232 B.R. 686; *In re Hill*, 152 B.R. 204; *In re Reese*, 194 B.R. 782; *In re Wilkinson*, 186 B.R. 186.

The Majority declines to follow the above quoted floor comment in the legislative history of Section 1303, reasoning that the express statutory grant of avoidance powers to Chapter 11 and 12 debtors, but not to Chapter 13 debtors, is the most accurate indicia of Congress' intent. *See In re Holcombe*, 284 B.R. at 143 ("Congress was capable of bestowing a broad range of powers upon a debtor/debtor-in-possession. The fact that Congress included broad powers for both Chapter 11 and Chapter 12 debtors and failed to include such language for Chapter 13 debtors cannot be overlooked. Clear congressional intent can be determined from the use of and absence of specific language within

these three statutes"); *In re Hollar*, 174 B.R. at 203 ("It is obvious that Congress could have given Chapter 13 debtors the same broad sweep of powers given in Chapter 11 but chose not to do so"); *In re Hill*, 152 B.R. at 206 ("The language contained in other provisions of the Code further indicates that Congress did not intend for [Chapter 13] debtors to have authority to avoid preferences under § 547"); *In re Steiner*, 251 B.R. at 139–40 ("The lack of any express authority in the Code granting chapter 13 debtors such powers, particularly in light of the significant differences between § 1107 and § 1303, means that Congress did not elect to confer such extraordinary powers on chapter 13 debtors"); *In re Carter*, 2 B.R. at 322 (Bankr. D.Colo.1980) (noting that "[w]hen Congress intended debtors to exercise the powers of a trustee in Chapter 11, it explicitly so stated in § 1107(a)").

These courts view resort to a fragment of the legislative history in order to expand the scope of Section 1303 as beyond the proper role of a judge. *In re Hamilton*, 125 F.3d at 297 n. 5; *In re Redditt*, 146 B.R. at 697; *In re Bruce*, 96 B.R. at 721; *In re Merrifield*, 214 B.R. 362, 365 ("Where Congress has promulgated specific rules about who can exercise avoidance powers and under what circumstances, it is not within the province of courts to confer those powers on others"). This sentiment is well-expressed in *In re Bruce*, 96 B.R. at 721 (internal citations omitted):

> As compelling, practical and intensely equitable as these arguments might be, they are at bottom well-meaning forays into judicial legislation. They exceed the scope of a bankruptcy judge's role, which is to interpret and apply the statute, not to rewrite it... Legislative history, especially floor comments, may augment but may not amend the statute's straightforward language. Section 1303 simply does not confer standing on

the debtor to pursue avoidance actions... If Congress intended to grant avoidance powers to a Chapter 13 debtor, it could have explicitly done so.

A number of courts (the "Minority") has allowed Chapter 13 debtors to exercise trustee's avoidance powers. *See e.g., Russo v. Ciavarella (In re Ciavarella)*, 28 B.R. 823 (Bankr.S.D.N.Y.1983); *Federal Nat'l Mortgage Assoc. v. Fitzgerald (In re Fitzgerald)*, 237 B.R. 252, 263 (Bankr.D.Conn. 1999) (noting that the courts in district of Connecticut "have consistently concluded that a chapter 13 debtor may utilize the trustee's avoidance powers"); *Freeman v. Eli Lilly Federal Credit Union (In re Freeman)*, 72 B.R. 850 (Bankr.E.D.Va. 1987); *Ottaviano v. Sorokin & Sorokin, P.C. (In re Ottaviano)*, 68 B.R. 238 (Bankr. D.Conn.1986); *In re Boyette*, 33 B.R. 10 (Bankr.N.D.Tex.1983); *Einoder v. Mount Greenwood Bank (In re Einoder)*, 55 B.R. 319 (Bankr.N.D.Ill.1985).

The Minority relies heavily on the quoted excerpt from the legislative history of Section 1303. *In re Ciavarella*, 28 B.R. at 827 ("In light of the language of the Bankruptcy Code itself and the legislative history of § 1303, this Court is unable to accept as persuasive [the arguments barring Chapter 13 debtors from exercising avoidance powers]"); *In re Freeman*, 72 B.R. at 854 (stating that the legislative history of Section 1303 among others supports a holding that a trustee's avoidance power may be exercised by Chapter 13 debtor); *In re Ottaviano*, 68 B.R. at 240 (same); *In re Boyette*, 33 B.R. at 11 (same).

However, the Supreme Court's decision in *Hartford Underwriters Insurance Co. v. Union Planters Bank*, 530 U.S. 1, 120 S.Ct. 1942, 147 L.Ed.2d 1, disfavors such reliance. In *Hartford Underwriters*, the Supreme Court addressed whether an insurance company may recover unpaid in-

surance premiums as the "actual, necessary costs and expenses of preserving the estate" under Sections 503(b) and 506(c). Relying on the plain statutory language, the Supreme Court held that Section 506(c) authorizes only a trustee to bring actions to recover those costs. *Id.* It explained that "Congress says in a statute what it means and means in a statute what it says there... [W]hen the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." [3] *Id.* at 6, 120 S.Ct. 1942 (internal quotation marks omitted).

The Minority argues that the plain language of Section 103(a) of the Code allows Chapter 13 debtors to exercise Chapter 5 avoidance powers, *In re Ciavarella*, 28 B.R. at 827 ("Basically, by virtue of § 103(a) all provisions of Chapter 5 ... are applicable and operative in a Chapter 13 case"); *In re Boyette*, 33 B.R. at 11 (same). Section 103(a) provides that "[e]xcept as provided in section 1161 of this title, chapters 1, 3, and 5 of this title apply in a case under chapter 7, 11, 12, or 13 of this title." However, Section 103(a) is "the basic rule governing the application of Code provisions." 2 LAWRENCE P. KING ET AL., COLLIER ON BANKRUPTCY ¶ 103.02 (15 ed. Rev.1997). The relevant statutory language restricts the Chapter 5 avoidance powers to trustees. *See* 11 U.S.C. §§ 544, 545, 547, 548, 549, 1303. Hence, pursuant to *Hartford Underwriters*, the plain language of the statutes controls and courts "must follow the specific statutory direction of Congress, rather than inferring authority from the reference to Chapter 5 in § 103(a)." *Weir v. Lubbock Telco Fed-*

*eral Credit Union (In re Weir)*, 209 B.R. 213, 217 (Bankr.N.D.Tex.1997).

The Minority suggests that the practical role of Chapter 13 trustees and the realities of filing a Chapter 13 case require that Chapter 5 avoidance powers be extended to Chapter 13 debtors. *In re Ciavarella*, 28 B.R. at 827; *In re Freeman*, 72 B.R. at 854; *In re Einoder*, 55 B.R. at 322. The argument is that although trustees are the representatives of the estate, their functions are limited to "administrative matters." *In re Ciavarella*, 28 B.R. at 827; *In re Freeman*, 72 B.R. at 854. Though trustees have standing to employ the avoidance powers, they "rarely" bring actions under those powers because they "reap[ ] little benefit for the amount of time and effort involved." *In re Einoder*, 55 B.R. at 322. Thus, it is argued that in reality Chapter 13 debtors are the "true representatives of the estate." *In re Freeman*, 72 B.R. at 854. Since the debtors determine whether to continue in Chapter 13, the Minority finds it logical that Chapter 13 debtors should be allowed to exercise avoidance powers which "enhanc[e] their own bankruptcy estate." *Id.*

The Supreme Court in *Hartford Underwriters* dealt with similar policy arguments, including the trustees' lack of incentive to pursue certain matters. *Hartford Underwriters*, 530 U.S. at 11, 120 S.Ct. 1942. Nonetheless, after addressing the arguments and finding them inadequate, the Supreme Court stated that "[a]chieving a better policy outcome ... is a task for Congress, not the courts." *Id.* at 13–14, 120 S.Ct. 1942. This Court expressed similar sentiment in *In re Higgins* and stated that "[s]tatutory provisions should be construed in accordance with the language

---

**3.** For a full discussion of the various methods of statutory construction, including the "New Textualist" methodology, *see* Walker, Jr., John M., *Judicial Tendencies in Statutory Construction: Differing Views on the Role of the Judge*, 58 N.Y.U. ANN. SURV. AM L. 203 (2001).

employed by Congress in the statute itself, not by reference to the facts presented in a particular case." *In re Higgins*, 270 B.R. at 152.

### Conclusion

The plain and unambiguous statutory language of Sections 1303 and 544(a), the Supreme Court decision in *Hartford Underwriters* and overwhelming case law compel the conclusion that Chapter 13 debtors do not have standing to assert trustee's avoidance powers.

Because they do not have standing to avoid Wachovia's secured claim under Section 544(a)(3), the Debtors' objection to Wachovia's unperfected security interest based on the Modification is denied.

Counsel to Wachovia is directed to settle an order consistent with this decision.