**In re Cora Smith RICHARDSON, Debtor.**

**Miguel A. Carrasco, trustee Plaintiff,**

**v.**

**Cora Smith Richardson and Andrew Cardell Richardson, Defendants.**

**Bankruptcy No. 04–10019–BKC–RAM.**
**Adversary No. 04–1043–BKC–RAM–A.**

United States Bankruptcy Court, S.D. Florida.

June 17, 2004.

Order Amending Order June 21, 2004.

Sabrina Chassagne, Esq., Miami, FL, for Plaintiff.

Timothy Kingcade, Esq., Miami, FL, for Defendants.

***ORDER (1) DISMISSING COUNT I OF AMENDED COUNTERCLAIM; (2) GRANTING MOTION FOR RECONSIDERATION; AND (3) REMANDING ADVERSARY PROCEEDING TO STATE COURT***

ROBERT A. MARK, Chief Judge.

The Court conducted a hearing on June 10, 2004, on Plaintiff's Motion to Dismiss Amended Counterclaim (CP# 20). For the reasons that follow, Count I of the Amended Counterclaim will be dismissed and the remaining counts remanded together with the Plaintiff's claims, back to state court where this action was originally filed.

#### *Background*

This adversary proceeding was originally filed as a complaint in the County Court, Miami–Dade County, Florida, Case No. 03–03590CC20 (the "State Court Case") and brought here by Notice of Removal filed by the debtor defendant on February 11, 2004. Plaintiff filed a Motion for Remand on March 2, 2004.

On March 4, 2004, defendants filed a motion for leave to file a counterclaim, including a count seeking avoidance of an

allegedly fraudulent transfer of the Debtor's homestead to the Plaintiff. Jurisdiction was premised on § 544(b) of the Bankruptcy Code and Fla. Stat. § 726.105(b). The Debtor asserted standing based on § 522(h) of the Bankruptcy Code, which allows a debtor to utilize a trustee's avoidance powers, including those under § 544(b), if the property sought to be recovered is exempt and the trustee does not attempt to avoid the transfer.

Following a hearing on March 16, 2004, the Court entered its Order Granting Defendant's Motion to Amend Pleadings and Order Denying Plaintiff's Motion for Remand and for Sanctions ("Order Denying Motion for Remand") (CP# 10). At that stage of the proceedings, the Court found it proper to allow the case to remain in bankruptcy court since it appeared that the Debtor had asserted a federal cause of action under § 544(b) and § 522(h).

Plaintiff promptly moved for reconsideration of the Order Denying Motion for Remand (the "Motion for Reconsideration") (CP# 11). On April 27, 2004, this Court considered Plaintiff's Motion for Reconsideration. In its April 29, 2004 Order, arising from the April 27th hearing, the Court treated the Motion for Reconsideration, in part, as a Motion to Dismiss Count I of the Counterclaim (CP# 18). The Court granted the Motion to Dismiss, because, upon further review and analysis, the Court found that the Debtor could not pursue a claim under § 522(h), utilizing the Trustee's avoidance powers under § 544 of the Bankruptcy Code and Fla. Stat. § 726.105(b), since the subject of the fraudulent conveyance action was exempt property and creditors cannot avoid a transfer of exempt property under § 726.105. In its April 29, 2004 Order, the Court reserved ruling on the Motion for Reconsideration, but stated that the Motion for Reconsideration would be granted

and this adversary remanded to state court if the Defendants failed to timely file an Amended Counterclaim which provides a basis for this Court to retain jurisdiction.

On May 12, 2004, Defendants timely filed their Amended Counterclaim (CP# 19). Seeking to cure the problem that precluded relief under § 726.105, namely the inability of creditors to utilize that Florida Statute to avoid transfers of exempt property, the Debtor no longer claims the property as exempt. In the Amended Counterclaim, Defendants assert that they are entitled to a recovery of what is now non-homestead property under the trustee's strong-arm avoidance powers in § 544(b) of the Bankruptcy Code and Fla. Stat. § 726.105(b).

In his Motion to Dismiss Amended Counterclaim filed on May 25, 2004, Plaintiff asserts that the amended Count I must be dismissed because Chapter 13 debtors cannot use the avoidance power of the trustee in § 544(b). Plaintiff also seeks to dismiss the remaining state law based Counts II–V of the Amended Counterclaim arguing that the Defendants improperly added these counts to its Counterclaim after this Court reserved ruling on the Motion for Reconsideration. Plaintiff believes the Court's April 29th Order allowed Defendants to amend their counterclaim only to attempt to provide a basis for this court to retain jurisdiction, not to add more claims based on state law.

The Court has considered the record, including the Amended Counterclaim and the Motion to Dismiss the Amended Counterclaim, considered the arguments of counsel presented at the June 10th hearing, and reviewed the applicable law. For the reasons that follow, the Court finds that the Motion for Reconsideration and Motion to Dismiss the Amended Counterclaim as it pertains to Count I shall be granted, and this adversary, including Counts II–V of

the Amended Counterclaim, remanded to state court, because the Defendants failed to provide a basis for this Court to retain jurisdiction.

### Discussion

The threshold issue is whether a Chapter 13 debtor has standing to exercise the avoidance powers of a Chapter 13 trustee under § 544 of the Bankruptcy Code. That section grants trustees so-called strong-arm powers to avoid certain property transfers avoidable by creditors under applicable state law. Section 1303 of the Bankruptcy Code grants Chapter 13 debtors certain powers otherwise reserved to trustees and provides that "[s]ubject to any limitations on a trustee under this chapter, the debtor shall have, exclusive of the trustee, the rights and powers of a trustee under sections 363(b), 363(d), 363(e), 363(f) and 363(*l*), of this title." 11 U.S.C. § 1303. As noted, § 1303 does not refer to § 544 and there is no other section in the Bankruptcy Code generally authorizing Chapter 13 debtors to exercise trustee's avoidance powers. Section 522(h), discussed earlier, only authorizes debtors to utilize these avoidance powers to recover property that would be exempt. The absence of statutory authorization for Chapter 13 debtors contrasts with the express statutory authorization for Chapter 11 debtors. As debtors-in-possession, Chapter 11 debtors have specific authority under § 1107 to exercise all avoidance powers available to trustees.

Despite the absence of statutory authority, a minority of courts which have analyzed the issue have found that Chapter 13 debtors may exercise a trustee's strong-arm avoidance powers. In these cases, the courts emphasized the practical realities of Chapter 13 bankruptcies, the limited role of Chapter 13 trustees, and the perceived unfairness to Chapter 13 debtors of denying them standing under section 544. *See, e.g. Freeman v. Eli Lilly Fed. Credit Union (In re Freeman)*, 72 B.R. 850, 854–55 (Bankr.E.D.Va.1987); *Einoder v. Mount Greenwood Bank (In re Einoder)*, 55 B.R. 319, 322–24 (Bankr.N.D.Ill.1985). Some courts reaching this result rely heavily on the legislative history of section 1303, including the floor comment:

> [Section 1303] does not imply that the debtor does not also possess other powers concurrently with the trustee. For example, although Section 323 is not specified in section 1303, certainly it is intended that the debtor has the power to sue and be sued.

124 CONG REC. H11106 (Sept. 28, 1978) (remarks of Rep. Edwards); S. 17423 (Oct. 6, 1978). This Court agrees, in part, that § 1303 may not be the sole focus since that section grants Chapter 13 debtors certain powers exclusive of the trustee. Still, the Court finds these cases unpersuasive in the absence of any statutory provision granting Chapter 13 debtors general authority to exercise a trustee's avoidance powers and in light of the persuasive case law discussed below finding no such authority.

The majority of courts addressing this issue have refused to allow Chapter 13 debtors to exercise the strong-arm powers granted to the trustee under § 544, including decisions by at least two circuit courts of appeal. *See, e.g. Stangel v. Powers (In re Stangel)*, 219 F.3d 498, 501 (5th Cir. 2000), *cert. denied, Stangel v. United States*, 532 U.S. 910, 121 S.Ct. 1240, 149 L.Ed.2d 147 (2001) (holding that Chapter 13 debtors do not have standing to assert the trustee's strong arm powers, relying on *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000) and *Realty Portfolio, Inc. v. Hamilton (Matter of Hamilton)*, 125 F.3d 292, 296 (5th Cir.

1997)); *Matter of Hamilton,* 125 F.3d 292, 296 (stating that "no specific statutory provision" authorizes Chapter 13 debtors to "exercise trustees' avoidance powers"); *LaBarge v. Benda (In re Merrifield),* 214 B.R. 362, 364 (8th Cir. BAP 1997) (noting lack of a comparable provision applicable to Chapter 13 debtors as 11 U.S.C. §§ 1107(a), 1203); *In re Binghi,* 299 B.R. 300 (Bankr.S.D.N.Y.2003); *LR Partners, L.L.C. v. Steiner (In re Steiner),* 251 B.R. 137, 140 (Bankr.D.Ariz.2000) (stating that "Congress did not elect to confer such extraordinary [avoidance] powers on chapter 13 debtors," emphasizing the "significant differences between § 1107 and § 1303.").

These courts acknowledge the realities of Chapter 13 bankruptcies and the trustees' limited role, but focus their analysis on the lack of explicit statutory foundation for the debtor to seek avoidance. *Id.* One court explained it this way:

> As compelling, practical and intensely equitable as these arguments [of the realities of Chapter 13 bankruptcies] might be, they are at bottom well-meaning forays into judicial legislation. They exceed the scope of a bankruptcy judge's role which is to interpret and apply the statute, not to rewrite it .... By the statute's own terms, only the trustee has standing to exercise the strong-arm avoidance powers .... Legislative history, especially floor comments, may augment but may not amend the statute's straightforward language. Section 1303 simply does not confer standing on the debtor to pursue avoidance actions .... If Congress intended to grant avoidance powers to a Chapter 13 debtor, it could have explicitly done so.

*Bruce v. RepublicBank–South Austin (In re Bruce),* 96 B.R. 717, 720–21 (Bankr. W.D.Tex.1989), *quoted in Hamilton,* 125 F.3d at 297 n. 5.

The Supreme Court's decision in *Hartford Underwriters Insurance Company v. Union Planters Bank, N.A.,* 530 U.S. 1, 6–9, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000), strongly supports limiting standing under § 544 to trustees and debtors in possession. In that case, the issue was whether an administrative claimant could seek to surcharge a secured creditor's collateral under § 506(c).[1] The Court began its analysis by stating a maxim it commonly applies in cases requiring statutory construction: "When the statute's language is plain, the sole function of the courts—at least where the deposition required by the text is not absurd—is to enforce it according to its terms." *Id.* at 6, 120 S.Ct. 1942, *citing United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (internal quotation marks omitted). The Court found the statutory language "quite plain in specifying who may use § 506(c)—'the trustee.'" *Id.*

The Supreme Court noted that § 506(c) does not explicitly exclude others from using that section. *Id.* at 6, 120 S.Ct. 1942. The Court concluded, however, that exclusivity was intended observing that a situation in which a statute authorizes specific action and designates a particular party empowered to use it is surely among the least appropriate in which to presume non-exclusivity. *Id.* at 6–7, 120 S.Ct. 1942. Similarly, the Court noted, had Congress intended § 506(c) to be broadly available, it could simply have said so, as it did in describing the parties who could act under

---

**1.** Section 506(c) provides that "[t]he *trustee* may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim." (emphasis added).

other sections of the Code. Section 502(a), for example, provides that a claim is allowed unless "a party in interest" objects, and § 503(b)(4) allows "an entity" to file a request for payment of an administrative expense. *Id.* at 7, 120 S.Ct. 1942. Finally, the Court concluded that "[b]ecause we believe that by far the most natural reading of § 506(c) is that it extends only to the trustee, petitioner's burden of persuading us that the section must be read to allow its use by other parties is 'exceptionally heavy.'" *Id.* at 9, 120 S.Ct. 1942 (internal citations omitted). Petitioners failed to meet that burden and the Court concluded that § 506(c) does not provide an administrative claimant an independent right to use that section to seek payment of its claim. *Id.*, at 14, 120 S.Ct. 1942.

Although the instant case deals with § 544, not 506(c), the Supreme Court's reasoning and analysis strongly support the conclusion reached by the majority of courts that Chapter 13 debtors may not exercise the trustee's avoidance powers in § 544(b), a conclusion shared and adopted by this Court.

In sum, based upon (1) the clear language in § 544, granting authority only to the trustee; (2) the absence of any statute granting that authority to debtors; (3) the majority of cases on point concluding that Chapter 13 debtors lack standing under § 544; and (4) the guidance of the Supreme Court in *Hartford Underwriters,* this Court concludes that Chapter 13 debtors lack standing to utilize the avoidance and recovery powers of a trustee under section 544(b). As such, Count I of the Amended Counterclaim must be dismissed.

For the foregoing reasons, it is—

**ORDERED** as follows:

1. The Plaintiff's Motion to Dismiss Amended Counterclaim, as it relates to Count I, is granted and Count I of the Amended Counterclaim is dismissed with prejudice.

2. The Plaintiff's Motion for Reconsideration is granted since Count I was the only count of the Amended Counterclaim alleging a basis for federal jurisdiction.

3. This adversary proceeding is remanded back to the County Court in and for Miami–Dade County, Florida.

4. The Motion to Dismiss is denied as to Counts II through V of the Amended Counterclaim without prejudice to Plaintiff filing a renewed motion to dismiss in the state court. The proprietary of these counts is appropriately a matter for the state court since this Court no longer has jurisdiction over these proceedings.

## AMENDED ORDER (1) DISMISSING COUNT I OF AMENDED COUNTERCLAIM; (2) GRANTING MOTION FOR RECONSIDERATION; AND (3) REMANDING ADVERSARY PROCEEDING TO STATE COURT

This Court's June 17, 2004 Order (1) Dismissing Count I of Amended Counterclaim; (2) Granting Motion for Reconsideration; and (3) Remanding Adversary Proceeding to State Court (the "June 17th Order") ordered that this adversary proceeding is remanded back to the Circuit Court in and for Miami–Dade County, Florida. The Court, having been advised that the state court case was pending in the County Court prior to removal, it is—

**ORDERED** as follows:

1. The reference to the state court case in the first sentence of background facts on page 1 of the June 17th Order is amended to provide that the case was originally filed in the County Court, not Circuit Court, in and for Miami–Dade County, Florida.

2. Paragraph 3 on p. 8 of the June 17th Order is amended to provide: This adversary proceeding is remanded back to the County Court in and for Miami–Dade County, Florida.